Norfolk

RUBY H. GREENE

v.

GWALTNEY OF SMITHFIELD, INC.

No. 0604-91-1

Decided January 7, 1992

COUNSEL

Gammiel G. Poindexter (Poindexter & Poindexter, on briefs), for appellant.

P. Dawn Bishop (William Orr Smith & Associates, on brief), for appellee.

OPINION

COLEMAN, J.—Ruby Greene appeals from a decision of the Workers' Compensation Commission* denying her compensation benefits. She contends that the commission erred in ruling that the letter she sent the commission filed November 18, 1988, did not constitute an "application" for a hearing within Code § 65.1-99. She argues that the commission also erred in finding that, even if the letter were an application, she failed to bear her burden of proving that she was temporarily-partially incapacitated. Additionally, she contends that the commission erred in finding that her subsequent change in condition application filed on May 29, 1990, was time-barred by the provisions of Code § 65.1-99. She argues that the commission erred because the bar of Code § 65.1-99 was tolled under Code § 65.1-55.1 during the time her employer paid her wages for selective employment in lieu of workers' compensation benefits.

We hold that the commission did not err in finding that the letter was not an application for hearing; therefore, we do not ad-

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the decision was rendered in this case.

dress the commission's finding that Greene failed to prove she was partially disabled. However, we find that Code § 65.1-55.1 tolled the running of the statute of limitations in Code § 65.1-99 because the pre-injury wages paid to Greene by her employer for selective work she performed within her residual capacity constituted "compensation" within the meaning of Code § 65.1-99. Therefore, the limitation period provided by Code § 65.1-99 did not begin to run until compensation benefits or wages in lieu thereof were last paid. Thus, we reverse the commission's holding that the May 29, 1990, claim was time-barred, and we remand it for a hearing on the merits.

On November 6, 1981, Ruby Greene sustained a compensable injury by accident to her right leg while employed as a fatback trimmer with Gwaltney of Smithfield, Inc. (Gwaltney), appellee. She was incapacitated for work and was awarded benefits for temporary, total work incapacity commencing November 14, 1981. With the permission of her physician, she returned to work on January 18, 1982, limited to light duty status, for which her employer paid her pre-injury average weekly wage. Sometime thereafter, the claimant returned to work at her pre-injury job until November 11, 1982, when the employer acknowledged that she had again become disabled. She received temporary total workers' compensation benefits through April 13, 1983.

For the period of April 14, 1983, through October 14, 1983, the claimant was awarded permanent partial disability benefits for having sustained a fifteen percent permanent loss of use of her lower right leg. Since that time, Greene has received awards for intermittent periods of disability when her employer made no selective work available to her. She was last paid compensation pursuant to an award on October 6, 1987. She returned to work doing selective employment at her full pre-injury wage on October 7, 1987.

On November 16, 1988, Greene wrote a letter to the commission stating that she had been recalled to work on October 7, 1987, as a mechanic's helper and that as of October 28, 1988, her weekly hours had been reduced from forty to thirty-two. She inquired of the commission whether the appellee had the right to reduce her hours and whether she would be compensated

for the lost time.[1]

On December 7, 1988, the commission wrote Travelers Insurance Company (Travelers), the appellee's insurance carrier, attaching a copy of Greene's November 1988 letter and inquiring as to the insurer's position.

On January 26, 1989, Travelers, after having written a letter to appellee to ascertain whether Greene's hours had, in fact, been reduced, wrote the commission reporting that Greene's wages had not been changed.

On January 27, 1989, Greene wrote a follow-up letter to the commission regarding her November 1988 letter. The commission responded to this second inquiry by letter, attached an application for hearing, and requested that Greene complete the application and return it to the commission. Greene never returned the application, and no further action was taken by the commission or Greene.

On May 24, 1990, Greene wrote the commission, stating that she had been "laid off" from her light duty job on May 14, 1990, and requesting that the commission investigate the matter. The commission docketed the claim as an application for a change of condition and set it for hearing.

The deputy commissioner ruled that the only issue before her was whether Greene was entitled to temporary total disability benefits beginning May 14, 1990, the date she was laid off, and continuing. Appellee interposed defenses of the statute of limitations pursuant to Code § 65.1-99 and failure to market residual job skills. The deputy commissioner ruled that the claim was barred by the two-year statute of limitations and did not reach the issue of marketing residual skills. She further ruled that Greene's

---

[1] Text of November 16, 1988, letter from Ruby N. Greene to the commission:

"To Whom it May Concern

IC File No. 102-97-61 I Ruby N. Greene was permanently injured on Nov. 6, 1981. I have since that time been placed on several light duty jobs when I wasn't laid off and being paid workers compensation. As of Oct 7, 1987 I was recalled to work where I am employed as a mechanic helper. I was limited to a 40 hr. work week. As of Oct. 25, 1988 my hours per week was cut to 32 hours. This was not a request of Dr. Stiles. I would like to know if the company has the right to do so and am I to be compensated for the additional 8 hr lost per week. Thank you"

letter to the commission inquiring about her hour and wage reduction could not be treated as a change of condition application because it was not intended or treated as a claim and was, according to the record, amicably resolved.

On appeal, the commission affirmed the decision of the deputy commissioner, finding that the November letter did not constitute an "application" and that, even if it were an "application," Greene had failed to prove at the deputy commissioner's hearing any temporary, partial work incapacity. More significantly, the commission found that Greene's application filed May 29, 1990, was time-barred by the twenty-four month limitation provision of Code § 65.1-99.

Greene contends that the commission erred in holding that her November 16, 1988, letter was a mere inquiry and that it did not constitute an "application" within the meaning of Code § 65.1-99. The commission has wide discretion. It previously has exercised that discretion liberally by permitting informal letters and inquiries from *pro se* claimants to be treated as applications for change of condition and hearing. However, because the commission's findings are supported by credible evidence, and because there was no rejoinder to appellee's contention that the wage and hour dispute was no more than an inquiry which had been resolved, we uphold the commission's decision as to the claimant's November 16, 1988, claim.

■ Pursuant to Code § 65.1-99, no review of an award on the ground of change in condition may be made "after twenty-four months from the last day for which compensation was paid, pursuant to an award under this act." This provision has been interpreted to require that an application for a hearing based on a change in condition be filed within twenty-four months from the date compensation was last paid pursuant to an award. *Continental Forest Indus. v. Wallace*, 1 Va. App. 72, 74, 334 S.E.2d 149, 150 (1985).

■ The commission found that Greene's letter of November 16, 1988, was not an "application" within the meaning of Code § 65.1-99 and further that, even if it were an application, Greene failed to prove temporary, partial incapacity for the time period relevant to this claim. On appeal, the findings made by the commission will be upheld if supported by credible evidence.

*James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). While it is true that a claimant's letter *may* constitute an application for a hearing, no rule of law provides that every such correspondence *must* be considered sufficient to meet the "application" requirement of the Code. In fact, when faced with this issue, the Virginia Supreme Court has looked to the particular facts to determine whether, under the circumstances, a letter from an employee satisfies the "application" requirements of Code § 65.1-99. *See Reese v. Wampler Foods, Inc.*, 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981); *Jewell Ridge Coal Corp. v. Wright*, 222 Va. 68, 70, 278 S.E.2d 820, 821 (1981), *J.A. Jones Construction Co. v. Martin*, 198 Va. 370, 373, 94 S.E.2d 202, 204 (1956).

Greene's November 1988 letter stated that her weekly hours had been reduced and inquired whether she was entitled to compensation based on the resulting wage reduction. She did not request that the commission take any action or schedule a hearing for her. The letter was purely an inquiry. Nothing in the letter indicates that Greene considered or intended her letter to be an application for hearing. After Greene's follow-up letter in January 1989, she took no action with regard to her earlier November inquiry. Although the commission responded to this follow-up letter by forwarding an Application for Hearing form to her and informing her that she could complete and return the form, she took no action. Over one year later, after her letter dated May 24, 1990, was filed and treated as an application for hearing, Greene, by counsel, responded to an interrogatory regarding the "periods of disability" for which she sought compensation by stating that she "was laid off on May 14, 1990, from light-duty work." She made no mention of any claim dating back to November 1988. Finally, even though Greene testified that her working hours had been reduced, the record clearly shows that the deputy commissioner, the parties, and counsel believed that the sole issue before her was the claim relating to May 1990, regarding Greene's termination while on light duty status. At the outset of the hearing, the deputy commissioner expressly so stated, and Greene's counsel did not object to her framing of the issue. Except for a couple of indirect references to the 1988 incident, all of the evidence presented related to the May, 1990 claim. Based on the foregoing circumstances, we hold that the commission's finding that Greene's November 16, 1988, letter was not an "applica-

tion" is supported by credible evidence. Accordingly, we uphold its decision. Therefore, we need not address the commission's finding that Greene failed to prove that she was temporarily, partially incapacitated during the relevant time in 1988.

We next consider whether the commission was correct in holding that Greene's May 29, 1990, application was time-barred by Code § 65.1-99 because more than twenty-four months had elapsed since she was last paid benefits pursuant to an award on October 6, 1987. Greene concedes that she was last paid compensation benefits under an award more than twenty-four months before her May 29, 1990, application. However, she contends that because she was being paid her full pre-injury wage for selective light duty work within her capacity when she was "laid off" on May 14, 1990, the payment of wages in lieu of workers' compensation benefits should toll the running of the bar in Code § 65.1-99. Greene argues that unless wages paid in lieu of compensation are treated as compensation benefits paid under an award, employers will be able to deprive employees of their full compensation benefits merely by providing them light-duty employment at their pre-injury wage, in lieu of paying workers' compensation benefits, and then terminating employees with impunity as soon as the period of limitation provided in Code § 65.1-99 had expired.

■ The General Assembly, however, recognized the problem identified by Greene when it enacted Code § 65.1-55.1, effective July 1, 1989, which provides that

> [a]ll wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage shall, for the sole purposes of Code § 65.1-99, be considered compensation.

Thus, a partially disabled employee who is paid wages for selective employment at or equal to his or her pre-injury wage is afforded an additional twenty-four months before the statute of limitations of Code § 65.1-99 begins to run. Code § 65.1-55.1 applied to Greene's case and tolled the running of the bar under Code § 65.1-99 until she was last paid wages in lieu of compensa-

tion on May 14, 1990. Thus, her claim filed May 29, 1990, was timely, even though compensation benefits pursuant to an award were last paid on October 6, 1987.

Although Code § 65.1-55.1 was enacted after Greene was injured and became entitled to benefits, it nonetheless applies to determine when an application for change in condition is barred. Greene was last paid workers' compensation benefits pursuant to an award on October 6, 1987. She returned to work at her full pre-injury wage on October 7, 1987, but she was assigned by her employer to light-duty jobs within her capacity. Thus, without the benefit of Code § 65.1-55.1, the twenty-four month statute of limitations provided in Code § 65.1-99 would have barred her claim on October 6, 1989, and her May 29, 1990, application clearly would have been untimely. However, Code § 65.1-55.1 became effective July 1, 1989, before the twenty-four month statute of limitations of Code § 65.1-99 would have run on October 5, 1989. Thus, before the appellee's right became vested, Code § 65.1-55.1, effective July 1, 1989, declared the payment of wages equal to or greater than the pre-injury wages for selective employment would be treated the same as the payment of compensation for purposes of Code § 65.1-99. Thus, when Greene was paid her pre-injury wage as a fatback trimmer for work within her capacity as a mechanic's helper, she was, for purposes of Code § 65.1-99, receiving compensation. Therefore, for purposes of Code § 65.1-99, Greene was last paid "compensation" when she was "laid off." Consequently, her May 29, 1990, application was timely. The commission erred in finding that the claimant's May 29, 1990, claim was time-barred.

Accordingly, we affirm the decision of the commission regarding the November 16, 1988, letter, but we reverse its findings regarding the untimeliness of the claim filed on May 29, 1990. Because the commission did not consider the merits of Greene's May 29, 1990, claim or the appellee's defense of failure to market residual skills, we remand the case to the commission to consider those issues.

*Affirmed in part and*
*reversed in part and remanded.*

Baker, J., and Willis, J., concurred.