**Richmond**

TERRY W. SCOTT

v.

TERRY W. SCOTT

and

AMERICAN CASUALTY COMPANY

No. 1682-92-2

Decided July 27, 1993

816

.COUNSEL

Charles D. Bennett, Jr., for appellant.

C. Ervin Reid (Wright, Robinson, McCammon, Osthimer & Tatum, on brief), for appellees.

OPINION

**FITZPATRICK, J.**—Terry W. Scott (claimant) appeals from a decision of the Workers' Compensation Commission denying him compensation benefits. He contends that the commission erred in finding that his change of condition application was time barred by the provisions of Code § 65.1-99.[1] He argues that the commission erred in limiting the tolling provisions of Code § 65.1-55.1 to those workers who

[1] Code § 65.1-99 was the general limitation statute for change in condition applications in effect on August 15, 1987, the date claimant suffered a compensable injury to his back. That section provided in pertinent part:

No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this act, except thirty-six months from the

are "provided work" only by their pre-injury employers. Finding no error, we affirm the decision of the commission.

## I.

Claimant sustained a compensable back injury on August 19, 1987, while working as a self-employed carpenter. His claim was accepted and compensation was paid for temporary total disability through March 23, 1988. Claimant returned to work on March 24, 1988 for a new employer, Stonewall Estates. His wages in this job exceeded his pre-injury wage. He continued to work for his new employer until January, 1991, when he again became disabled due to an aggravation of his earlier injury. On September 25, 1991, claimant filed a change in condition application seeking additional lost wage benefits.

At the time of the original injury, the limitation period for making additional claims for disability benefits based on a change in condition was twenty-four months. During this twenty-four month limitation period, Code § 65.1-55.1 was enacted. That Code section, which became effective July 1, 1989, provides:

> All wages paid for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is *provided work* within his capacity at a wage equal to or greater than his pre-injury wage shall, for the sole purposes of § 65.1-99, . be considered compensation.

*Id.* (emphasis added).[2]

On March 26, 1992, the deputy commissioner denied claimant's application for benefits as being time barred. The full commission affirmed and found that the limitations period of Code § 65.1-99 was not tolled in this case by Code § 65.1-55.1, because claimant's work was not "provided by his pre-injury employer," but rather, was obtained by him on his own initiative. The commission noted that the legislature could have used the word "employed," rather than "provided work," had that been the intended effect of the statute. The commission recognized that self-employed persons may have an impossible

last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

Code § 65.1-99 was recodified effective July 1, 1991, as Code § 65.2-708.

[2] Recodified as Code § 65.2-708(C).

burden of proof given the language of Code § 65.1-55.1 (now Code § 65.2-708(C)).

## II.

The sole issue to be decided in this case is whether the term "provided work" as used in Code § 65.1-55.1 extends the limitation period for a change in condition application for work provided to a claimant by any source or only work provided by the pre-injury employer. Claimant concedes that his post-injury work was not provided by his former employer, and that it was a new and separate source of employment. In fact, during the three and one-half year period following his last receipt of benefits for the August 1987 compensable injury, he injured himself at his new employment and filed a claim against his new employer, Stonewall Estates.

> Code § 65.1-55.1 . . . operates solely to extend the limitation period of Code § 65.1-99 in cases where a claimant, who is physically unable to return to his pre-injury employment because of a compensable injury, returns to work within his capacity at a wage equal to or greater than his pre-injury wage. Thus, the language of Code § 65.1-55.1 has the same effect as if it had been added to Code § 65.1-99, namely allowing this certain class of claimants to receive an extension of the twenty-four and thirty-six months limitation periods provided in that section. Further, Code § 65.1-55.1 has no applicability, except with reference to Code § 65.1-99.

*Cohen v. Fairfax Hospital Ass'n*, 12 Va. App. 702, 707, 407 S.E.2d 329, 332 (1991). The limitation period prescribed by Code § 65.1-99 is premised upon the payment of compensation pursuant to a prior award under the Act. Such compensation is solely the responsibility of the pre-injury employer. No rational basis exists to construe payments by an unrelated employer as compensation under Code § 65.1-99. To hold that payments by another unrelated employer constitute compensation under Code § 65.1-55.1 would conflict with the plain meaning of compensation set forth in Code § 65.1-99.

In determining the meaning of a statute, a court may only look to the words of a statute if the statute is clear and unambiguous. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "An ambiguity exists when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness." *Id.* We find that

the language "provided work" as used in Code § 65.1-55.1 is unambiguous and applies only to work provided by the pre-injury employer. Had the legislature intended a different result, it could easily have used different language. "Provided work" connotes an element of control over the work by the pre-injury employer, and this is not the case if the work is performed for a new employer. *Cf. Richmond Newspapers, Inc. v. Gill*, 224 Va. 92, 294 S.E.2d 840 (1982) (employer-employee relationship defined by control).

Claimant's contrary construction of the statute, which would apply the tolling provision of Code § 65.1-55.1 to any claimant "finding" work, would be an impermissible expansion of the statute to cover situations not intended by the General Assembly. *See Bowden v. Newport News Shipbuilding*, 11 Va. App. 683, 401 S.E.2d 884 (1991) (payments received by claimant pursuant to the Longshore and Harbor Workers' Compensation Act were not "compensation" as contemplated by Code § 65.1-87.1). The wages that claimant received from his new employer compensated him for the services he rendered and were not part of any award or required compensation under the Virginia Workers' Compensation Act. These funds had no relation to claimant's August 1987 injury or the benefits arising therefrom that he received. Accordingly, the provisions of Code § 65.1-55.1 do not apply to this case for the purposes of tolling the statute of limitations.

In addition, the conclusion that claimant was not "provided work" is consistent with the legislative intent of Code § 65.1-55.1. That statute was designed to prevent possible abuse by employers of the two-year limitation period set forth in Code § 65.1-99. *Greene v. Gwaltney of Smithfield, Inc.*, 13 Va. App. 486, 492, 413 S.E.2d 650, 654 (1992). The General Assembly enacted Code § 65.1-55.1 to prevent employers from lulling partially disabled workers into a false sense of security during this two-year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits. *Id.*

As the commission properly held, this statute has no application to situations where the pre-injury employer does not "provide work" to the employee. "[A] statute should, if possible, be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation." *Ambrogi v. Koontz*, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982) (citing *American Airlines, Inc. v. Battle*, 181 Va. 1, 8-11, 23 S.E.2d 796, 800-01 (1943)). When a claimant is hired by another employer, there is no

need to protect him from the potential abuse of the statute of limitations by a pre-injury employer. Accordingly, we affirm the decision of the commission and dismiss the application.

*Affirmed and dismissed.*

Koontz, J.,* and Elder, J., concurred.

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.