COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

FREEMAN DECORATING COMPANY AND
 RELIANCE INSURANCE COMPANY

v.       Record No. 2555-94-4        MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
JOSEPH TRAMMEL                             JUNE 6, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Robert C. Baker, Jr. (Mell, Brownell & Baker, on brief),
        for appellants.

        Alan S. Toppelberg (Alan S. Toppelberg & Associates, on
        brief), for appellee.


        Freeman Decorating Company and its insurer Reliance

Insurance Company (collectively referred to as employer) appeal

the commission's decision awarding benefits to Joseph Trammel

(claimant).  Employer argues that the commission erred in finding

that claimant's change in condition application was not time

barred by Code § 65.2-708(A).  We hold that claimant filed an

application within the time allowed by the statute of limitations

and affirm the commission.

        Claimant was injured in a work-related accident on September

7, 1991.  On April 13, 1992, the commission entered an award for

temporary total disability benefits, approving a memorandum of

agreement entered into by claimant and employer.  Employer paid

benefits pursuant to the award from September 6, 1991 to December

29, 1991.  Claimant returned to light-duty work on December 30,

_____

        [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

1991 and to his pre-injury work on January 29, 1992.

Claimant suffered a recurrence of his injury on November 11, 1992. Employer voluntarily paid claimant benefits from November 12, 1992 to December 31, 1993. No memorandum of agreement or award was ever entered. On July 5, 1993, claimant's attorney sent a letter to the commission requesting a hearing to determine permanent partial disability benefits as a result of the November 11, 1992 accident, but no hearing was held. The commission responded on August 16, 1993, that it would treat claimant's November 11, 1992 injury as a recurrence of the September 7, 1991 injury. In a September 15, 1993 letter, the commission notified both parties that it was consolidating the two claims. Claimant's attorney sent several letters to the commission in January 1994, requesting that disability payments be reinstated. Claimant wrote another letter asking for a hearing on February 16, 1994.

In a December 4, 1994 opinion, the commission found that: (1) employer's voluntary payment of benefits constituted a de facto award, and (2) employer was estopped from asserting the statute of limitations in Code § 65.2-708(A) because it failed to file a memorandum of agreement as required by Code § 65.2-701.

Employer argues that claimant's claim is barred because no application was filed within the two-year statute of limitations of Code § 65.2-708(A).

Code § 65.2-708(A) provides as follows:
A. Upon its own motion or upon the

application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . .

The Supreme Court of Virginia has held that "[t]he submission of a standardized, uniform award review application, although preferable and more conducive to the orderly administration and disposition of workmen's compensation claims, is not a prerequisite for compliance with Code § 65.1-99 [now Code § 65.2-708]." Reese v. Wampler Foods, Inc., 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981). This Court has "looked to the particular facts to determine whether, under the circumstances, a letter from an employee satisfies the 'application' requirements of Code § 65.1-99 [now Code § 65.2-708]." Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 491, 413 S.E.2d 650, 653 (1992).

We recognize that "[t]he [Workers' Compensation] Act should be liberally construed in harmony with its humane purpose." Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 272 (1988) (en banc). In Greene, this Court held that the claimant's letter did not constitute an application under former Code § 65.1-99 because "[s]he did not request that the commission take any action or schedule a hearing for her. The letter was

3

purely an inquiry." 13 Va. App. at 491, 413 S.E.2d at 654. However, in this case, claimant's attorney's letter dated July 5, 1993 specifically requested a hearing, named claimant and employer as the parties involved, and included the date of the accident. After this letter, the commission decided to treat the injury as a recurrence of the former injury but never held a hearing on whether claimant was entitled to permanent partial disability benefits as requested. Although the commission found that a de facto award stayed the statute of limitations, we hold that, under the circumstances, the July 5, 1993 letter requesting a hearing was sufficient notice of claimant's claim under Code § 65.2-708(A).

Accordingly, the decision of the commission is affirmed.

Affirmed.

4