COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,* Judges Baker and Annunziata
Argued at Alexandria, Virginia


HANH NGUYEN
                                                OPINION BY
v.   Record No. 3164-96-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                             DECEMBER 2, 1997
FAIRFAX COUNTY BOARD OF
 SUPERVISORS

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Kathleen G. Walsh (Ashcraft & Gerel, on
          brief), for appellant.

          Peter D. Andreoli, Jr., Senior Assistant
          County Attorney (David P. Bobzien, County
          Attorney, on brief), for appellee.


     Hanh Nguyen (claimant) appeals a decision of the Workers'

Compensation Commission denying her change-in-condition

application as time barred.  Claimant contends she is entitled to

the tolling provisions of Code § 65.2-708(C) because she returned

to selective employment after her injury.  We disagree and affirm

the commission.

     The facts are not in dispute.  On August 7, 1990, claimant

injured her back at work.  Employer accepted the claim as

compensable and paid claimant temporary partial disability

benefits for intermittent work days missed.  Claimant last

received benefits pursuant to an award on September 2, 1992.

     Before her compensable August 1990 injury, claimant worked

for employer as an Account Clerk II.  Her pre-injury job required

_____
     *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

that she lift boxes of computer printouts weighing forty-five to fifty pounds. In May 1992, employer relocated its offices and automated, allowing material that was previously required to be printed to be accessed by computer. Employer did not automate claimant's pre-injury job to accommodate her disability; rather, the job was modified as part of a computer upgrade. As a result of employer's automation, on September 3, 1992, when claimant returned full time to her job as an Account Clerk II, the job duties remained the same but the lifting requirements were reduced to ten to thirteen pounds.

Claimant has remained under the same restrictions since the time of her injury. Prior to her return to her pre-injury job, Dr. James A. Johnsen limited claimant to lifting ten pounds or less, with no repetitive bending.[1] Additionally, claimant cannot sit for long periods of time and uses an orthopedic chair.

On November 28, 1994, more than twenty-four months after her last awarded compensation, claimant filed a change-in-condition application seeking temporary partial disability benefits for time missed. The parties stipulated that from September 1, 1992 through August 17, 1995 claimant missed a number of days as a

_____

[1]The lifting requirements (ten to thirteen pounds) of the Account Clerk II job to which claimant returned in 1992 slightly exceeded her lifting restriction of ten pounds or less. However, claimant does not argue that the job, as it existed in 1992, fell outside of her restrictions nor did any evidence show that she was unable to perform the duties of that job. In addition, claimant's supervisor testified that, since 1992, the job has not actually required any lifting over ten pounds or any repetitive bending.

result of the compensable accident.  It is undisputed that from the date of her return to work in 1992 claimant has earned wages greater than or equal to her pre-injury wage.

Code § 65.2-708, which governs the filing of change-in-condition applications, requires that the application be filed within twenty-four months from the last date for which compensation was paid pursuant to an award.  Code § 65.2-708(C) provides the following tolling provision:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

This tolling provision was designed
> to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits.

Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993).  Thus, a partially disabled employee who meets the conditions outlined in parts (i) and (ii) "is afforded an additional twenty-four months before the statute of limitations . . . begins to run."  Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492, 413 S.E.2d 650, 654 (1992).  See also Mitchell v. Phoenix Dev. Corp., Claim No. 1470473 (Workers' Comp. Comm'n June 28, 1994) (tolling provision did not apply where employer had no

3

knowledge of claimant's restrictions).

Claimant did not file her change-in-condition application within twenty-four months from September 2, 1992, the last date for which compensation was paid pursuant to an award. Therefore, unless the tolling provision applied to extend the limitations period, claimant's application was untimely.

Code § 65.2-708(C) applies to a light duty or selective employment situation. If an employee, despite restrictions, can perform his or her pre-injury work for pre-injury wages, those wages are not considered compensation under the tolling provision.[2]

In the instant case, claimant's pre-injury and post-injury jobs were virtually indistinguishable. She returned to the same office as an Account Clerk II, doing the same work for the same supervisor at the same or greater pay. Though her method of work was easier, her duties were identical, and no evidence established that claimant sought or was provided light duty work.[3]

---

[2]See Burton v. Fairfax County School Board, 71 O.W.C. 75 (1992) (affirmed by this Court in an unpublished opinion, Mar. 29, 1993). Ms. Burton's pre-injury job was easier when she returned to work. The commission found that her post-injury work "was essentially the same," that she was not engaged in selective employment, and that Code § 65.2-708(A) barred her claim.

[3]It is undisputed in this case that employer did not automate to accommodate claimant. However, such accommodation would not necessarily have resulted in a finding of selective employment or light duty. See Nordan v. Webster Elevator Co., Claim No. 1484409 (Workers' Comp. Comm'n Jan. 13, 1995) (tolling provision did not apply when employer accommodated claimant so "[t]he lifting restriction . . . played no substantial part in

4

Upon her return to work, claimant continued to have a lifting restriction, but this restriction did not limit performance of her day-to-day work.[4] Claimant's post-injury job was not light duty or selective employment for the purpose of the tolling provision of Code § 65.2-708.

Additionally, the policy behind Code § 65.2-708(C) does not support its application to toll the statute of limitations in this case. Claimant presented no evidence that she was lulled into a false sense of security by employer, and employer has not attempted to fire her.[5] The deputy commissioner specifically found that "[n]othing of the sort was involved in this case."

We hold that claimant returned to her pre-injury work and therefore does not qualify for tolling under Code § 65.2-708(C). Accordingly, we affirm the commission's decision finding claimant's application untimely.

Affirmed.

limiting performance of Nordan's day-to-day work. Neither did the employer attempt to furnish selective work.").

[4]The deputy commissioner found that claimant's "restrictions do not interfere with her ability to do her pre-injury work as an Account Clerk II."

[5]Although claimant attempted at oral argument to show that she was lulled into a false sense of security, she failed to make this claim before the commission. We decline to consider the issue for the first time on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

5