COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


GEORGE LEE SEEKFORD
                                        MEMORANDUM OPINION*
v.    Record No. 0518-01-3                  PER CURIAM
                                            JULY 3, 2001
HERSHEY TIRE COMPANY, INC. AND
 RELIANCE INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Terry L. Armentrout; Armentrout &
          Armentrout, P.L.C., on brief), for appellant.

          (Dale W. Webb; Monica L. Taylor; Gentry,
          Locke, Rakes & Moore, on brief), for
          appellees.


     George Lee Seekford (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that the statute of limitations applicable to his

change-in-condition application was tolled pursuant to Code

§ 65.2-708(C).  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     Code § 65.2-708 required claimant to file his

change-in-condition application within twenty-four months from

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the last date for which he was paid compensation pursuant to an award. It was undisputed that claimant was last paid compensation pursuant to an award on June 15, 1997. It was also undisputed that he did not file his change-in-condition application until September 27, 1999, more than twenty-four months from the last date for which he was paid compensation pursuant to an award. Accordingly, unless the tolling provision contained in Code § 65.2-708(C) applied to extend the limitations period, claimant's September 27, 1999 application was time-barred.

Code § 65.2-708(C) provides as follows:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

"Code § 65.2-708(C) applies to a light duty or selective employment situation. If an employee, despite restrictions, can perform his or her pre-injury work for pre-injury wages, those wages are not considered compensation under the tolling provision." Nguyen v. Fairfax County Bd. of Supervisors, 26 Va. App. 100, 103, 493 S.E.2d 391, 392 (1997) (footnote omitted).

On June 10, 1997, claimant's treating physician, Dr. Donald P.K. Chan, released claimant to return to his pre-injury job, without restrictions, as of June 16, 1997. Claimant returned to

- 2 -

his pre-injury job and worked full duty from June 16, 1997 until September 1, 1999, without missing any time from work. He did not seek medical treatment during that time. "Though [his] method of work was easier, [his] duties were identical, and no evidence established that claimant sought or was provided light duty work." Id. at 104, 493 S.E.2d at 392 (footnote omitted). Thus, credible evidence established that claimant's post-injury job was not light duty or selective employment for the purpose of the tolling provision contained in Code § 65.2-708(C).

Moreover, based upon this credible evidence, the commission, as fact finder, was entitled to give little probative weight to Dr. Chan's statement in his March 1, 2000 responses to claimant's counsel's written questions that claimant had been restricted and unable to engage in frequent heavy lifting since his release to return to work in June 1997. The record contained no explanation for Dr. Chan's change in his opinion regarding claimant's ability to work beginning in June 1997. Furthermore, in response to written questions from employer dated March 1, 2000, Dr. Chan agreed that claimant had been released to return to work, full duty, effective June 16, 1997.

In addition, the fact that the employer retrofitted its workplace with an airlift after claimant's accident and before he returned to work on June 16, 1997, eliminating the need for

- 3 -

claimant to lift tires, did not necessitate a finding that claimant had been provided light duty or selective employment as of June 16, 1997, at a wage equal to or greater than his pre-injury wage.  No evidence showed that employer retrofitted to accommodate claimant's disability or that it changed the essential duties of claimant's job.  See id. at 103-04, 493 S.E.2d at 392.

For these reasons, we affirm the commission's decision finding claimant's change-in-condition application untimely.

Affirmed.