COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ASHLEY WAYNE REID

MEMORANDUM OPINION* BY
v.    Record No. 2337-01-1          JUDGE ROBERT J. HUMPHREYS
MARCH 19, 2002

CONTROLLED CONDITIONS CORPORATION AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Jean M. McKeen (Robert E. Walsh; Rutter,
> Walsh, Mills & Rutter, L.L.P., on briefs),
> for appellant.
>
> R. Ferrell Newman (Thompson, Smithers,
> Newman, Wade & Childress, on brief), for
> appellees.


Ashley Wayne Reid appeals a decision of the Workers' Compensation Commission denying Reid's claim for additional permanent partial disability benefits due to a change in condition.  Reid argues that the commission erred in finding his claim untimely.  We disagree and for the reasons that follow, affirm the commission's decision.

Reid sustained a compensable injury under Code § 65.2-503 while he was an employee of Controlled Conditions Corporation ("employer").  Employer paid Reid temporary total disability

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

benefits through July 5, 1992.  Employer paid Reid permanent

partial disability benefits from July 11, 1994 through October

17, 1994.  Reid applied for additional permanent partial

disability benefits due to a change in condition on August 26,

1999.  The sole issue on appeal is whether Reid's application of

August 26, 1999 is barred by the statute of limitations.

At the time of his injury, January 1991, Reid was a service

technician with employer, repairing commercial heating and air

conditioning equipment.  Reid returned to his pre-injury

position in April 1994, and worked in that position until 1996,

with no specific accommodations for his injury.  In a May 29,

1996 letter to employer's insurer, Reid's treating physician,

Dr. John S. Wagner, wrote:

> I do feel that, in time, [Reid] will
> definitely succumb to a sedentary job, such
> as desk work, rather than working in the
> field . . . .  I feel that appropriate
> measures should be taken to decrease his
> field activities.

However, the company had been sold to a new owner on January 1,

1996.  There is no evidence that this letter, directed to the

insurer, was ever forwarded to the previous owner or the new

owner.  In any event, Reid continued working in his pre-injury

position, without accommodation, until July 31, 1996.

On August 1, 1996, Reid was promoted to a service manager position, an administrative job with no physical demands, and given a pay raise. Reid was promoted to this position to assist the new owner of the company with running the business. The new owner testified that the promotion and pay raise were based on merit, and had no relation to Reid's earlier injury. Indeed, when asked whether he was promoted as a result of his injury, Reid testified that he did not know. He stated:

> [i]t was increasingly hard for me to get around, to climb ladders and do the things I was doing and I mentioned it to the previous owner when he told me he was going to recommend me for service manager . . . .

On August 26, 1999, Reid filed the application at issue, requesting additional permanent partial disability benefits. The commission denied Reid's application as untimely pursuant to Code § 65.2-708(A).

Code § 65.2-708(A)(i), which governs the filing of change-in-condition claims, requires that claims payable under Code § 65.2-503 be filed within 36 months from the last day for which compensation was paid pursuant to an award. However, Code § 65.2-708(C) defines "compensation" as:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage . . . .

Thus, the statute effectively tolls the limitations period for an additional twenty-four months for an employee who is (1) physically unable to return to his pre-injury work due to a compensable injury, and (2) provided work within his capacity at a wage equal to or greater than his pre-injury wage. Code § 65.2-708(C). The tolling provision was designed:

> "to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits."[1]

Here, Reid filed his change-in-condition claim approximately 58 months after October 17, 1994, the last date for which compensation was paid pursuant to his award. Therefore, unless the tolling provision applies to extend the limitations period, Reid's claim is untimely under Code § 65.2-708(A)(i).[2]

As set forth above, Code § 65.2-708(C) applies only to light duty or selective employment situations.[3] Thus, if an employee can perform his or her pre-injury work for pre-injury

---

[1] Nguyen v. Fairfax County Bd. of Sup., 26 Va. App. 100, 103, 493 S.E.2d 391, 392 (1997) (quoting Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993)).

[2] Id.

[3] Id.

- 4 -

wages, those wages are not considered compensation under the tolling provision.[4]

Reid performed his pre-injury work for his pre-injury wages from 1994 to 1996. No accommodations were made for Reid. Indeed, Reid did not stop performing his pre-injury work until he was promoted. Further, his promotion and resulting pay raise were based on merit and had no relation to his injury. Accordingly, we find that Code § 65.2-708(C) does not apply to toll the statute of limitations. Reid was physically able to return to his pre-injury work and was not promoted in order to provide "work within his capacity." Additionally, the policy considerations of Code § 65.2-708(C) do not support its application to toll the statute of limitations in this case.[5] Reid presented no evidence that employer lulled him into a false sense of security, and employer has not attempted to fire him.

Nevertheless, Reid argues that because his physician recommended that he be placed on light duty on May 29, 1996, and because he was promoted to an administrative position at greater than pre-injury wages on August 1, 1996, the tolling provision applies. Reid contends that the fact that his supervisors were unaware of his need for accommodation and that he was promoted

---

[4] Id.

[5] Id. at 104, 493 S.E.2d at 393.

based on merit alone, is irrelevant under the plain language of the statute.  We disagree.

Although we apply the plain language of a statute unless it is ambiguous,[6] "'we [also] construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used.'"[7]  Thus, "'the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'"[8] Were we to employ the application of the statute which Reid suggests, such an absurd result would occur.  Further, Reid's theory is unsupported by the articulated policy considerations underlying the tolling provision.[9]

Accordingly, we affirm the commission's decision finding Reid's application untimely.

<u>Affirmed.</u>

---

[6] <u>Vaughn, Inc. v. Beck</u>, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001) ("[w]hen the language of a statute is plain and unambiguous, we are bound by the plain meaning of that language").

[7] <u>Seke v. Commonwealth</u>, 24 Va. App. 318, 322, 482 S.E.2d 88, 90 (1997) (quoting <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994)).

[8] <u>Id.</u> (quoting <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

[9] <u>See</u> <u>Nguyen</u>, 26 Va. App. at 104, 493 S.E.2d at 393.

- 6 -