COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


EMORY LEE MORRIS

                                            MEMORANDUM OPINION* BY
v.         Record No. 2368-03-3            JUDGE JAMES W. BENTON, JR.
                                            MARCH 30, 2004

DUNHAM-BUSH, INC. AND
TWIN CITY FIRE INSURANCE COMPANY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Terry L. Armentrout (Armentrout & Armentrout, on brief), for
        appellant.

        Richard H. Milnor (Taylor, Zunka, Milnor & Carter, Ltd., on brief),
        for appellees.


        The Workers' Compensation Commission ruled that Emory L. Morris's

change-in-condition application, which asserted a claim for permanent partial disability benefits,

was barred by the statutory limitation period of Code § 65.2-708(A).  Morris contends no

credible evidence supports the commission's finding that he was able to perform his pre-injury

work and, therefore, the commission erred in ruling that the tolling provisions of Code § 65.2-

708(C) had not interrupted the statutory limitation period.  We affirm the commission's ruling.

                                            I.

        The record establishes that Dunham-Bush, Inc. employed Emory L. Morris as a tester.

Morris's duties in that position required him to "hook up" rooftop air conditioners.  In April of

1998, Morris suffered a rotator cuff tear in his right shoulder while he was using a wrench to

remove an evaporator plug on an air conditioner.  During the course of treating Morris for this

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

injury, Dr. Douglas Hendren performed surgery on Morris's right shoulder. On August 20, 1998, Dr. Hendren indicated that he anticipated returning Morris to work in four weeks and provided the following restrictions: "no lifting above shoulder no lifting over 30 [pounds,] 4 hours daily for 4 [weeks,] then will re-evaluate."

Morris returned to his employment as a tester at Dunham-Bush on September 17, 1998. He testified as follows concerning his tasks:

> Q. All right. When you returned to work, was there --- was your work --- was there anything different about the way you performed your work thereafter? After you returned?
>
> A. Other than the restriction that I was on. I had to abide by that.
>
> Q. Okay. What --- how were you restricted?
>
> A. Nothing above, no certain weight limits.
>
> Q. Nothing above, I . . .
>
> A. Well, above shoulder level.
>
> Q. Okay. Did the employer honor those restrictions?
>
> A. Yes, sir.
>
> Q. Okay. Were you given any instructions by the employer as to what to do, how to work within those restrictions?
>
> A. They told me if I got to that point that I had to go above, to get help. I have felt, you know . . .
>
> Q. Did you do that?
>
> A. Yes, sir.

Dunham-Bush accepted the injury as compensable and submitted to the commission a memorandum of agreement between Morris and Dunham-Bush. The commission entered an award for temporary total disability benefits from May 28, 1998 to September 17, 1998.

On December 29, 1998, Dr. Hendren revised Morris's work restrictions as follows:

> Morris should have some restriction from repetitive work at or above the shoulder level due to his rotator cuff injury. This is the only specific restriction I would give him for long term, which is related to his rotator cuff surgery.

Several months later, Dr. Hendren noted that Morris "holds the same job with testing of refrigeration equipment" and further that Morris's work "involves installing and manipulating parts as heavy as perhaps 25 [pounds], occasionally in the overhead position, but without repetitive overhead work." Dr. Hendren also reported that Morris had some "residual pain and fatigue limiting his overhead activity" and again indicated that Morris "should avoid repetitive work or repetitive lifting at or above the level of the shoulders."

Morris filed a change-in-condition claim for benefits on November 1, 2001, seeking permanent partial disability benefits, as provided in Code § 65.2-503, for his right shoulder injury.

II.

In pertinent part, Code § 65.2-708 provides as follows:

> A. Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 . . . .
>
>      *      *      *      *      *      *      *
>
> C. All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

In other words, subsection A of the statute, which governs the filing of a change-in-condition application for permanent partial disability benefits under Code § 65.2-503, provides a limitation period of thirty-six months from the last day for which compensation is paid pursuant to an award. Johnson v. Smith, 16 Va. App. 167, 168, 428 S.E.2d 508, 509 (1993). Subsection C of the statute, however, tolls the statutory limitation for an employee who is paid wages and who meets the conditions specified in parts (i) and (ii) of subsection C. See Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492, 413 S.E.2d 650, 654 (1992) (interpreting the tolling provision under Code § 65.1-55.1, the predecessor statute).

The deputy commissioner found that Morris "returned to his same job as a tester performing essentially the same work that he had performed" pre-injury and that, therefore, the tolling provision of Code § 65.2-708(C) was not applicable. On review, the commission upheld the deputy commissioner's "finding that the tolling provision of subsection C does not apply to the facts of this case, and thus, that the statute of limitations bars the claim." Morris appeals this decision.

III.

"We are guided by the principle that the Commission's findings of fact, if supported by credible evidence, are conclusive and binding on appeal." Falls Church Construction Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997) (citing Code § 65.2-706). Reviewing the commission's findings, we note that the commission accurately describes Morris's testimony as follows:

> [Morris] repeatedly testified that after his injury, he returned to working for the employer at his pre-injury job as a tester. Although he testified that he was restricted from lifting certain weights above shoulder height, he said that the employer honored his restrictions and allowed him to seek assistance whenever he faced a task that would exceed his limitations.

- 4 -

Indeed, as the commission also found, Dr. Hendren's report of October 22, 1999 indicates that Morris "holds the same job with testing of refrigeration equipment . . . [, which] involves installing and manipulating parts as heavy as perhaps [twenty-five pounds], occasionally in the overhead position, but without repetitive overhead work." This description, which Morris related to Dr. Hendren, tracks the testimony Morris gave at the evidentiary hearing.

We have held that the statutory tolling provision was enacted "to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits." Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993) (applying Code § 65.1-55.1, the predecessor to Code § 65.2-708(C)). Thus, in a case where the employee's "pre-injury and post-injury jobs were virtually indistinguishable," we held that although the employee "continued to have a lifting restriction, . . . this restriction did not limit performance of her day-to-day work" and the employee "presented no evidence that she was lulled into a false sense of security by employer." Nguyen v. Fairfax County Bd. of Supervisors, 26 Va. App. 100, 103-04, 493 S.E.2d 391, 392-93 (1997). We further held in Nguyen that the employee "returned to her pre-injury work and therefore does not qualify for tolling under Code § 65.2-708(C)." 26 Va. App. at 104, 493 S.E.2d at 393. Similarly, the evidence in the record in this case was sufficient to prove Morris had returned to a post-injury work position that was virtually indistinguishable from his pre-injury work position. Accordingly, we hold that credible evidence in the record supports the commission's "finding that [Morris's] pre-injury and post-injury positions were indistinguishable."

Morris further argues, however, that the commission disregarded a report by Dr. Irvine E. Hess dated November 7, 2001, which restricts Morris "to avoid overhead lifting, he is not to lift

anything over twenty pounds." The record unambiguously establishes, however, that Morris had a work injury to his left shoulder and neck in March of 2000, which was unrelated to the claim at issue in this appeal. Dr. Hess treated Morris for his left shoulder injury and issued these restrictions because of Morris's left shoulder injury. The change-in-condition application at issue in this appeal concerns the disability related to Morris's right shoulder injury. We hold, therefore, that the commission properly disregarded Dr. Hess's November 7, 2001 restrictions because they were not germane to the application before it.

In summary, Morris returned to his employment as a tester on September 17, 1998 and performed tasks that were indistinguishable from his pre-injury tasks. The last day from which compensation was paid pursuant to the award was September 17, 1998. Morris filed his change-in-condition claim for benefits on November 1, 2001, more than thirty-six months after compensation was last paid pursuant to the award. We, therefore, affirm the commission's ruling that Morris's application for permanent partial disability benefits was barred by the statute of limitations.

Affirmed.