UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia

CITY OF FREDERICKSBURG AND
 VML INSURANCE PROGRAMS

MEMORANDUM* OPINION BY

v.      Record No. 0723-13-4                    JUDGE WILLIAM G. PETTY
                                                OCTOBER 29, 2013

SAMUEL O. WILSON, JR.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Ralph L. Whitt, Jr. (Amber L. Ford; Whitt & Del Bueno, PC, on
briefs), for appellants.

Alaina Dartt (Lawrence J. Pascal; Ashcraft & Gerel, LLP, on brief),
for appellee.


The City of Fredericksburg ("City") appeals a decision of the Virginia Workers'

Compensation Commission awarding Samuel O. Wilson, Jr. ("Wilson") permanent partial

disability benefits.  On appeal, the City assigns five errors to the commission's award.  The

assignments of error point to the same basic argument:  the commission erred in holding that

there was sufficient, credible evidence to demonstrate that Wilson was not capable of performing

pre-injury work.  Within this argument, the City asserts that the commission erred in its

application and interpretation of Code § 65.2-708(C).  For the reasons expressed below, we

disagree.  Accordingly, we affirm the commission's decision.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

Wilson worked as a laborer for the City. On December 8, 2005, Wilson suffered an injury to his left hip and left leg when he slipped on debris from some trees. On May 26, 2006, Dr. Phillip S. Harry performed a total hip arthroplasty on Wilson. Wilson was awarded temporary total disability benefits from December 12, 2005 to December 18, 2005 and from January 6, 2006 to July 16, 2006.

On July 17, 2006, Wilson returned to work with the City under light-duty restrictions, which included no squatting, climbing, prolonged standing, or lifting greater than twenty pounds. The City accommodated the restrictions and paid Wilson his pre-injury average weekly wage. On March 26, 2007, Dr. Harry released Wilson to "full duty" with "[occasional] breaks when left hip becomes tired." Wilson returned to work with the City on the tree crew. Wilson took frequent breaks because of the weakness in his left hip. Wilson would not have been able to perform his job without these breaks. On May 12, 2009, Wilson suffered an unrelated, compensable knee injury for which he received temporary total disability benefits and permanent partial disability benefits. As a result of his knee injury, and subsequent knee surgery, Wilson worked light duty until he retired on January 31, 2012.

On October 24, 2011, Dr. Harry evaluated Wilson and opined that Wilson suffered 25% impairment to his left lower extremities and was permanently disabled from performing his . . . usual work duties" as a result of his hip injury. On November 12, 2010, Wilson filed a claim for permanent partial disability benefits based on his hip injury. On May 23, 2012, the deputy

commissioner issued an opinion denying Wilson's application. The deputy commissioner found that the tolling provisions in Code § 65.2-708(C) were not applicable because Wilson's work duties after returning to "full duty" on March 26, 2007 were virtually indistinguishable from his pre-injury work duties. The deputy commissioner reasoned that because Wilson was no longer on light duty after March 26, 2007, the wages he received did not qualify as compensation under Code § 65.2-708(C), and, therefore, his permanent partial disability claim was not timely filed. Wilson appealed to the full commission. On March 19, 2013, the full commission reversed the deputy commissioner's opinion and awarded Wilson permanent partial disability benefits. The City appealed to this Court.

II.

On appeal, the City argues that the commission erred in its application and interpretation of Code § 65.2-708(C). We disagree.

The City seeks to transform a question of fact into a question of law. The City argues that the commission erred as a matter of law in its application and interpretation of Code § 65.2-708(C). This argument holds no merit. The commission merely applied the facts of this case to Code § 65.2-708. Accordingly, whether Dr. Harry's work restriction was of such significance as to make Wilson "physically unable to return to his pre-injury work," Code § 65.2-708, is a question of fact.

> "In reviewing the commission's decision, we are guided by well-settled principles. 'It is fundamental that a finding of fact made by the commission is conclusive and binding upon this court on review.' 'That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings.'"

> "The scope of a judicial review of the fact finding function of a workers' compensation commission[, therefore,] is 'severely limited, partly in deference to the agency's expertise in a specialized field.'"

- 3 -

Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828-29, 537 S.E.2d 35, 36-37 (2000)

(alteration in original) (quoting Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4-5, 526

S.E.2d 267, 268 (2000)).

Code § 65.2-708 provides in pertinent part:

> A. Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) 36 months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 . . . .

> * * * * * * *

> C. All wages paid, for a period not exceeding 24 consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation . . . .

Thus, subsection A provides a limitation period of thirty-six months from the last day for

which compensation is paid pursuant to an award. See Johnson v. Smith, 16 Va. App. 167, 168,

428 S.E.2d 508, 509 (1993). But subsection C tolls the limitation period when an employee is

paid pre-injury wages, physically unable to return to his pre-injury work, and provided work

within his capacity. See Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492, 413

S.E.2d 650, 654 (1992).

Here, Wilson did not file his change-in-condition application seeking permanent partial

disability benefits within thirty-six months from March 26, 2007. Thus, Wilson's application

was untimely unless the tolling provision applied to extend the limitations period. Accordingly,

the question that we must resolve is whether Wilson was unable to return to his pre-injury work

due to his injuries so as to trigger the tolling provision.

- 4 -

The deputy commissioner found that Wilson returned to his pre-injury work. The deputy commissioner reasoned that occasional breaks do not rise to the level of light duty or selective employment; therefore, the tolling provision was not triggered. The full commission, in a unanimous opinion, disagreed with the deputy commissioner. The full commission held that Wilson "was provided selective employment after March 26, 2007 under restrictions and was therefore physically unable to return to his pre-injury work without accommodations." The full commission reasoned that Dr. Harry's notation that Wilson be allowed to take occasional breaks "is considered a work restriction which defines the injured employee's work capacity." Thus, the full commission held that Wilson was receiving compensation pursuant to Code § 65.2-708(A) and (C) through March 26, 2008 and, therefore, his application was timely filed. We agree with the full commission.

The full commission reviewed all of the evidence and found that Wilson's need for occasional breaks was a work restriction that transformed his employment into selective employment. Wilson did not need to take breaks before he was injured. Wilson was perfectly capable of working without the need for occasional breaks. Unfortunately, Wilson injured his left hip and leg while he was working for the City. After a long recovery, Wilson returned to "full duty." Nevertheless, Dr. Harry decided that it was necessary for Wilson to take occasional breaks while working because Wilson suffered permanent left leg impairments as a result of his left hip injury. When Wilson returned to work, he took frequent breaks as needed because of weakness in his left hip. Wilson would not have been able to continue working for the City without the breaks.

The full commission reviewed all of the medical evidence and testimony in reaching its determination that Wilson did not return to his pre-injury work. In its opinion, the full commission relied upon a series of its own opinions for the proposition that the need to take a

break is a work restriction and defines an injured employee's work capacity. See Urias v. Winkler's, Inc., No. 234-48-44 (Va. Workers' Comp. Comm'n July 19, 2010) (holding that a doctor's instructions to take breaks was sufficient to prove disability); Mallon v. Lincoln Ed. Servs., No. 232-94-63 (Va. Workers' Comp. Comm'n Mar. 2, 2010) (holding that the need to take breaks from driving was a restriction that supported a claim for disability benefits); Merica v. Frank M. Sheesley Co. Inc. Proj., No. 227-99-35 (Va. Workers' Comp. Comm'n Apr. 14, 2008) (holding that the claimant was not released to pre-injury work, and finding continuing disability, where the doctor stated that claimant would require frequent breaks); Watts v. Produce Source Ptnrs., No. 231-93-94 (Va. Workers' Comp. Comm'n Apr. 22, 2009) (holding that the need to take breaks if the claimant felt any knee discomfort was a work restriction); Bailey v. Lynmark Const., Inc., No. 223-35-53 (Va. Workers' Comp. Comm'n Nov. 13, 2006) (holding that an instruction to stop working if the claimant felt pain was a work restriction). Although these cases did not address a change-in-condition application for the purposes of Code § 65.2-708(C), the cases demonstrate that the need to take breaks has been considered to be a work restriction by the commission, and the commission properly applied them to the facts of this case.

On brief, the City argues that Nguyen v. Fairfax Cnty. Bd. of Supervisors, 26 Va. App. 100, 493 S.E.2d 391 (1997), requires a court to determine whether the employee's post-injury work is "virtually indistinguishable" from his pre-injury work when determining if the statutory tolling provision applies. We disagree.

In Nguyen, the claimant injured her back at work. 26 Va. App. at 101, 493 S.E.2d at 391. Before her injury, the employer required the claimant to lift boxes weighing forty-five to fifty pounds. Id. The employer automated its office while the claimant was recovering from her back injury. Id. at 101-02, 493 S.E.2d at 391. Because of the automation, employees were no longer

required to lift the heavy boxes.  Id. at 102, 493 S.E.2d at 391.  Thus, when the claimant returned to her job—with a work restriction that limited her to lifting ten pounds or less—her job duties remained the same, but she was no longer required to lift the heavy boxes.  Id.  This Court affirmed the commission and held that "if an employee, despite restrictions, can perform his or her pre-injury work for pre-injury wages, those wages are not considered compensation under the tolling provision."  Id. at 103, 493 S.E.2d at 392.  Because the "claimant's pre-injury and post-injury jobs were virtually indistinguishable," she did not meet the tolling provision's requirements.  Id.

Contrary to the City's assertion, we did not pronounce a new, "virtually indistinguishable" legal standard in Nguyen.  Instead, in affirming the factual finding of the commission, we merely observed that the finding was supported by the fact that the claimant's pre-injury and post-injury jobs were "virtually indistinguishable" in that the lifting "restriction did not limit performance of her day-to-day work."  Id. at 104, 493 S.E.2d at 392.  In Nguyen, the claimant had a lifting restriction.  But that lifting restriction did not affect her post-injury work because she was no longer required to lift heavy boxes.  Thus, the lifting restriction did not limit her day-to-day work.  In the present case, Wilson had an occasional break restriction. Wilson, upon returning to work, actually took occasional breaks; otherwise, he would not have been able to perform his pre-injury job duties.  Thus, the occasional break restriction limited Wilson's day-to-day work, and his pre-injury work and post-injury work were not virtually indistinguishable.

The commission made a finding of fact.  That finding of fact was that Wilson was "physically unable to return to his pre-injury work."  Accordingly, the commission found that the tolling provision in Code § 65.2-708(C) applied.  We cannot say that there is no credible evidence to support the commission's finding.

III.

For the foregoing reasons, we affirm the commission's decision.

<u>Affirmed.</u>