UPON A REHEARING EN BANC
ELIZABETH A. McCLANAHAN, Judge.
John T. Gordon, Jr. appeals the Workers’ Compensation Commission’s rejection of his change-in-condition application for benefits as time barred under the Code § 65.2-708(A) two-year statute of limitations. Gordon argues the commission erred in ruling that the tolling provision in subsection C of this statute “extends only once during the life of a workers’ compensation case,” and thus did not operate so as to render his claim timely. A panel majority of this Court agreed with Gordon and reversed the commission’s decision. We granted a petition for rehearing en banc and stayed the mandate of the panel decision. Upon rehearing en banc, we reverse the commission and remand the case for further proceedings.
I. Background
The relevant facts are not in dispute. Gordon suffered a compensable injury by accident on January 9, 2000 while working at Ford’s production plant in Norfolk. Based on this injury, the commission entered a series of awards of compensation to Gordon for various periods of temporary total and temporary partial disability. The last of these awards, entered on January 13, 2003, was an open-ended award for partial disability. Gordon received his last direct payment of compensation under the award on February 23, 2003.
Following his injury, Gordon continued to work for Ford intermittently (between periods of temporary total disability), but only in a light-duty position due to restrictions arising from the injury. From October 23, 2000 through January 3, 2001 and from April 1, 2002 through June 30, 2002, Gordon worked in such a position and earned wages at or above his pre-injury wage. Gordon also worked in a light-duty capacity for Ford from April 20, 2003 through September 11, 2006, *367 again earning wages equal to or higher than his pre-injury average weekly wage.
On September 11, 2006, Gordon was temporarily laid off from his position at Ford because the plant was shut down for production reasons. On September 25, 2006 and again on November 6, 2006 Gordon applied for disability benefits based on lost wages caused by this “change in condition.”
Ford defended against Gordon’s 2006 application for benefits, in part, by arguing that it was time-barred. Ford asserted that the claim was not filed within two years of Gordon’s last payment of compensation (February 23, 2003), that this last payment triggered the running of the two-year statute of limitations under Code § 65.2-708(A), and thus the claim was untimely.
Relying on Code § 65.2-708(0,[1] Gordon argued that his application was not time-barred because all the wages he received for the first twenty-four months of the last period he worked for Ford in a light-duty capacity (April 20, 2003 to September 11, 2006) were deemed to be compensation—with those first twenty-four months ending on April 20, 2005.[2] Gordon therefore asserted that the two-year statute of limitations in Code § 65.2-708(A) did not begin to run until April 20, 2005, meaning that his application, filed in 2006, was timely.
Ford responded that the twenty-four-month tolling provision in Code § 65.2-708(C) could be triggered only once, which occurred when Gordon returned to work, in a light-duty position, in October 2000. Ford reasoned that when Gordon was again awarded temporary total disability benefits in January 2001, the tolling provision was no longer applicable. Thus, *368 Ford concluded, “thereafter, all claims for further compensation would have to be filed within two years from the date for which compensation was last paid per [Code] § 65.2-708(A) and that [Code § 65.2-708(C)] could not be used to extend the period during which compensation was said to be paid.” Ford maintained that since Gordon was last paid workers’ compensation benefits on February 28, 2003, he only had until February 23, 2005 to apply for benefits based on a change in condition.
The deputy commissioner rejected Ford’s argument and awarded Gordon the benefits he requested. The deputy commissioner determined that “nothing in the statute indicates that the provisions of Code § 65.2-708(C) do not begin to run anew after later periods of partial disability or temporary total disability for which awards are entered.”
Ford appealed the deputy commissioner’s decision to the full commission. The commission held that Gordon’s change-in-condition application was time-barred. The commission explained its holding as follows:
We have held that the term “consecutive” in § 65.2-708(C) means “following successively without interruption.” Frisk v. Marshall’s, VWC File No. 183-99-55 (June 6, 2007); Crites v. Slurry Pavers, Inc., VWC File No. 202-99-47 (February 15, 2005) (finding the statute tolled only for one consecutive period). We have additionally held that this section provides “an extended limitation period” and the consecutive twenty-four month period begins on the date the claimant is provided light duty work. Phelps v. Safeway Stores, Inc., 77 OCE 138 (1998) (emphasis added), aff'd, Record No. 1246-98-4 (Ct.App.1999) (unpub.). Our holdings are consistent with the language of the statute referring to “a period” and not to multiple periods. See also Greene v. Gwaltney of Smithfield, Inc., 13 Va.App. 486, 492, 413 S.E.2d 650, 654 (1992).[3]
*369 Therefore, according to the commission, the Code § 65.2-708(C) tolling provision does not “ ‘begin to run anew[5] after later periods of awarded disability.” In other words, the provision is applicable only once to a compensable injury-regardless of the number of awards of compensation for subsequent periods of disability that may arise from the injury.
This appeal followed.
II. Analysis
Under Code § 65.2-708(A),[4] a party may ask the commission to “review any award” of benefits based upon a change in condition. However, “[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title----” Code § 65.2-708(A). As such, the twenty-four-month limitation of Code § 65.2-708 “is not a statute of limitations in the ordinary sense. It does not provide that a claimant has twenty-four months from the date the change in condition occurred to file.” Armstrong Furniture v. Elder, 4 Va.App. 238, 241, 356 S.E.2d 614, 615 (1987) (applying former Code § 65.1-99, now Code § 65.2-708). Rather, subsection A provides that the change in condition must occur within twenty-four months from the date compensation was last paid. Id.
Subsection C of Code § 65.2-708, in turn, operates as a tolling provision that extends this limitation. This tolling is effected by an expanded definition of compensation to include wages paid to a claimant for light-duty work that are equal to or greater than his pre-injury wages:
*370 All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.
Code § 65.2-708(C).
The parties concede that the wages paid to Gordon following his compensable injury met the statutory test, to the extent that (i) he was unable to return to his pre-injury work due to restrictions from the injury, and (ii) Ford provided him light-duty work at wages equal to or greater than his pre-injury wage. However, the parties disagree as to the meaning of the phrase “for a period not exceeding twenty-four consecutive months” in Code § 65.2-708(C) as applied in this case.[5]
Under well-settled rules of statutory construction, “we consider the language of a statute to determine the General Assembly’s intent from the plain and natural meaning of the words used.” Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006) (citations omitted). That is, “words [in a statute] are to be given their ordinary meaning, unless it is apparent that the legislative intent is otherwise.” Phelps v. Commonwealth, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008) (citations omitted). And “we must assume that ‘the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.’ ” Rasmussen v. Commonwealth, 31 Va.App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting Frazier v. Commonwealth, 27 Va.App. 131, 135, 497 S.E.2d 879, 881 (1998)). Furthermore, it is our “duty ... ‘to interpret the several parts of a statute as a consistent and harmo *371 nious whole so as to effectuate the legislative goal.’ ” Oraee v. Breeding, 270 Va. 488, 498, 621 S.E.2d 48, 52 (2005) (quoting Virginia Elec. & Power Co. v. Board of County Supervisors of Prince William County, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983)). Thus, we “ ‘will look to the whole body of [a statute] to determine the true intention of each part.’” Id. (quoting McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957)).
Under the Virginia Workers’ Compensation Act, a claimant may be paid compensation from time to time for various periods of disability under successive awards arising from the same compensable injury, as occurred in this case. Code § 65.2-708(A) contemplates a succession of awards by authorizing the commission to “review any award”[6] upon “the ground of a change in condition,”[7] and “on such review ... make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title____” (Emphasis added.) Furthermore, the two-year statute of limitations under subsection A is tolled while the claimant receives compensation. Subsection A also provides, however, that (i) a “change in condition (cause of action) must occur” and (ii) the change-in-condition application must be filed “within twenty-four months from the date for which the last compensation was paid.” Whitten v. Mead *372 Paperboard Products, 4 Va.App. 182, 186, 355 S.E.2d 349, 350 (1987).
The date for which compensation was last paid under any award is thus the determining factor as to whether a change-in-condition application is time-barred under Code § 65.2-708(A), subject to subsection C of the statute. Subsection C sets forth a caveat to the operation of the subsection A statute of limitations by providing that wages, when paid under the prescribed circumstances, are “considered compensation.” Code § 65.2-708(C). As a result, the payment of such wages tolls the statute of limitations in the same manner as the payment of compensation. This caveat, in turn, is subject to the condition that the wages will cease being treated as compensation at the point when “a period” of such payment of wages “exceed[s] twenty-four consecutive months.” Code § 65.2-708(C) (emphasis added).
In construing the word “a” in a similar statutory context, the Virginia Supreme Court recently stated that the “ordinary meaning” of this indefinite article is “ ‘any’ or ‘each.’ ” Phelps, 275 Va. at 142, 654 S.E.2d at 927 (quoting Webster’s Third New International Dictionary 1 (1993)). See In the Matter of Carroll, 124 Ohio App.3d 51, 705 N.E.2d 402, 404 (1997) (holding that the statutory term, “a period of up to six months,” contemplates multiple periods and that the word “any” in the subject statute “means one out of many, i.e., an indefinite number”).
The legislature was also specific when it defined the nature of the twenty-four-month period in Code § 65.2-708(C): the twenty-four months must be consecutive. The word “consecutive” means “successive; succeeding one another in regular order; to follow in uninterrupted succession.” Black’s Law Dictionary 304 (6th ed. 1990); see also Am. Heritage Dictionary 313 (2d ed. 1982) (“Following one after another without interruption.”); Hudson v. Youell, 179 Va. 442, 465, 19 S.E.2d 705, 715 (1942) (Hudgins, J., dissenting) (quoting Webster’s Int’l Dictionary to define “consecutive” as “ ‘[Hollowing a train; succeeding one another in a regular order; having no *373 interval or break; sequent’ ”). Each month of that twenty-four-month period must “follow in uninterrupted succession.” Black’s Law Dictionary, supra, at 304. In other words, the statute does not permit a combination of multiple periods of shorter duration to end the tolling provisions of Subsection C. And, if multiple periods of shorter duration do not exhaust the twenty-four consecutive month period, it is illogical to think that a single period of shorter duration would do so. Had the General Assembly intended the statute to apply to any period of shorter duration, it simply would have omitted the word “consecutive” and defined the period as “not to exceed twenty-four months.”
Accordingly, the Code § 65.2-708(A) statute of limitations runs anew under each successive award of compensation for a particular compensable injury, and is triggered on the last day for which compensation was paid. Subsection C, in providing for wages to be treated as compensation under subsection A, is likewise subject to application under each such award as subsection C supplements subsection A, A and C operating in conjunction with each other. Subsection C is not a standalone provision—it instead provides a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C. The Code § 65.2-708 change-in-condition/statute of limitations scheme thereby functions, in its entirety, on an award-by-award basis—not on what amounts to a hybrid award-by-award/injury-by-injury basis under the commission’s construction of the statute.
Here, during three different periods following Gordon’s compensable injury, Ford paid Gordon wages equal to or more than his pre-injury wage for performing light-duty work while under awards for temporary partial disability. The first two such periods extended from October 23, 2000 through January 3, 2001 and from April 1, 2002 through June 30, 2002. The third such period extended without interruption from April 20, 2003 through September 11, 2006, following the commission’s January 13, 2003 open-ended award of compensation to Gordon for partial disability. Therefore, during the first twenty- *374 four months of this third period of Gordon’s light-duty employment for Ford, Gordon’s wages were to be “considered compensation” for purposes of tolling the Code § 65.2-708 statute of limitations. Code § 65.2-708(C). The statute of limitations was thus tolled through April 20, 2005, meaning Gordon’s ehange-in-condition application, filed in 2006, was not time-barred under the statute.[8]
III. Conclusion
For these reasons, we reverse the commission’s decision and remand for further proceedings consistent with this opinion.

Reversed and remanded.

. Code § 65.2-708(C) provides that wages paid to an employee for light-duty work, which are equal to or greater than his pre-injury wage, are treated as compensation for purposes of subsection A of the statute, "for a period not exceeding twenty-four consecutive months.”

. This last period (April 20, 2003 to September 11, 2006) of the three different periods that Gordon worked for Ford in a light-duty capacity following his compensable injury was the only period that exceeded twenty-four consecutive months.

. As explained infra, we do not accord deference to the commission’s interpretation of the statute, which is in conflict with the statute’s plain language.

. Code § 65.2-708(A) provides, in relevant part, as follows:
Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title.... No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title....

. Because we have determined that the sole issue presented " 'involves a pure question of statutory interpretation, [the] issue does not invoke the [commission’s] specialized competence but is a question of law to be decided by [this Court].’ ” Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 505 (2008) (quoting Alliance to Save the Mattaponi v.Commonwealth, 270 Va. 423, 442, 621 S.E.2d 78, 88 (2005)).

. See United States v. Gonzales, 520 U.S. 1, 5, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997) ("Read naturally, the word ‘any’ has an expansive meaning, that is, one or some indiscriminately of whatever kind.” (citation and internal quotation marks omitted)); Rubin v. Gochrach, 186 Va. 786, 797, 44 S.E.2d 1, 5-6 (1947) (“The words ‘any renewal’ [in the subject lease] are comprehensive, and logically include more than one renewal.”); Cox v. Cox, 16 Va.App. 146, 148, 428 S.E.2d 515, 516 (1993) (“The plain and unambiguous meaning of the word 'any' is one or more indiscriminately from all those of a kind.” (citation and internal quotation marks omitted)).

. Pursuant to Code § 65.2-101, a "change in condition” is "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of' compensation.”

. Because neither of the first two periods during which Gordon worked in his light-duty position for Ford following his compensable injury extended for twenty-four consecutive months, as it did in the third period, we need not decide whether the subsection C tolling provision runs anew once a claimant has received the benefit of the provision for such a period of twenty-four consecutive months.