COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia


HELEN MARIE DAVIS
                                                        OPINION BY
v.        Record No. 2744-09-3              CHIEF JUDGE WALTER S. FELTON, JR.
                                                     NOVEMBER 16, 2010
CITY OF LYNCHBURG WASTE MANAGEMENT AND
  LIBERTY MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert E. Evans for appellant.

            Roberta A. Paluck (Frankl Miller & Webb, LLP, on brief), for
            appellees.


      Helen Marie Davis ("claimant") appeals the Workers' Compensation Commission

("commission") decision terminating its December 10, 2004 award of temporary partial

disability compensation benefits payable to her by City of Lynchburg Waste Management and

Liberty Mutual Insurance Company (collectively "employer").  Claimant contends the

commission erred in finding that employer's June 30, 2008 application for a hearing to terminate

that award was timely filed pursuant to Code § 65.2-708 and Commission Rule 1.4.[1]  For the

following reasons, we affirm the commission's decision terminating claimant's temporary partial

disability compensation benefits.[2]

---

[1] This appeal is governed by Rule 5A:20(c) as worded prior to its revision effective July 1, 2010, changing the requirement for setting forth "questions presented" to "assignments of error."  Because each of claimant's questions presented are interconnected, we address them together.

[2] Employer cross-appeals contending that the commission erred in finding that claimant notified the commission of her change of address and in failing to suspend compensation benefits pursuant to Code § 65.2-711.  Because we conclude that the commission did not err in

## I. BACKGROUND

Claimant suffered a compensable injury to both knees on January 29, 2001 while working for employer.[3]  On December 10, 2004, the commission awarded temporary partial disability compensation benefits to claimant in the amount of $91.14 per week, beginning May 10, 2004 and continuing.

On May 23, 2006, claimant began full-time employment with Progress Printing earning a wage in excess of her pre-injury wage.  The following day claimant called employer and disclosed her new employment and wage.

Employer continued to pay claimant compensation benefits through June 11, 2006.  Thereafter, without notifying the commission of its action, employer ceased payment of compensation benefits to claimant under the outstanding award.

On June 14, 2006, employer sent a Termination of Wage Loss Award form to claimant's attorney to obtain claimant's signature.  When employer did not receive the form signed by claimant, it made several unsuccessful attempts to contact claimant through her attorney.  Laurel Hendricks, a representative of employer's workers' compensation insurance carrier, testified that claimant's attorney initially told her that he had sent the form to claimant.  However, claimant's attorney later told her that he never received the Termination of Wage Loss Award form.  On September 12, 2006, employer sent a second completed Termination of Wage Loss Award form to claimant's attorney to obtain claimant's signature.

terminating claimant's award of temporary partial disability compensation benefits, we do not address the merits of employer's cross-appeal.

[3] On April 8, 2004, a deputy commissioner found that a *de facto* award existed with regard to claimant's knee injuries and awarded her temporary total disability compensation benefits beginning January 29, 2001 and continuing.  On May 10, 2004, claimant began selective employment with a temporary employment agency.

Two days later, on September 14, 2006, the commission sent employer its standard letter advising employer of claimant's outstanding compensation award. The letter additionally stated that "[i]f payments have ceased, an executed Termination of Wage Loss Award or an Employer's Application for Hearing must be filed to end the award."

After employer made several additional unsuccessful attempts to contact claimant through her attorney, claimant's attorney sent a letter, dated October 25, 2006, to employer stating that claimant had not reviewed or signed the termination form and that "[p]erhaps if [employer] file[d] an application for hearing it will either get [claimant] to appear or will otherwise resolve the matter."[4]

On March 14, 2008, the commission sent employer its standard letter advising employer that claimant's compensation award remained outstanding as of that date.

On June 11, 2008, claimant sent a letter to the commission asserting that, even though her award of temporary partial disability compensation benefits continued in effect, employer had wrongfully ceased making payments under that award. On June 13, 2008, the commission ordered employer to either pay claimant the past due compensation benefits under the outstanding award, plus a twenty percent penalty, or provide a sworn statement as to why it had not paid those benefits.

On June 30, 2008, employer issued its check to claimant for compensation benefits owed for the period of June 12, 2006 through June 30, 2006. On the same date, employer filed an application for hearing with the commission. It requested that claimant's outstanding temporary partial disability compensation award be terminated based on a change in condition, because claimant had returned to full-time employment on May 23, 2006 earning a wage greater than her pre-injury

---

[4] Hendricks testified at her deposition that employer also attempted to contact the commission regarding the status of the outstanding award on two occasions in late December 2006, but inadvertently gave the commission the wrong commission file number.

wage. Employer's application for a hearing stated that it had paid claimant compensation benefits due under the award through June 30, 2006.

At the hearing before a deputy commissioner, claimant argued that employer failed to comply with the time limitations of Code § 65.2-708 and Commission Rule 1.4. She asserted that more than twenty-four months had elapsed since June 11, 2006, the last date for which she had been paid compensation benefits under the outstanding award prior to employer's filing its June 30, 2008 application for hearing. Employer contended that its payment of compensation benefits to claimant on June 30, 2008 brought its payments under the award current through June 30, 2006, exactly twenty-four months prior to filing its application for hearing, thereby satisfying the time requirements of Code § 65.2-708.

The deputy commissioner found that employer's application to terminate claimant's compensation benefits based on a change in condition was untimely. The deputy commissioner concluded that Code § 65.2-708(A) provided a "definable, two-year limitations period" and that an employer could not "extend that time under the pretext of paying additional disability compensation benefits retroactively after the limitations period has run." Employer appealed to the full commission.

On review, the full commission unanimously reversed the decision of the deputy commissioner, concluding that employer's application for a hearing to terminate the outstanding compensation award was timely filed. It found that at the time employer filed its application for hearing on June 30, 2008, employer had paid and "claimant [had] received all of the temporary partial disability compensation due under the open award for the twenty-four months prior to the filing . . . as required by Code § 65.2-708(A)." The commission terminated its December 10, 2004 temporary partial disability compensation award "effective July 1, 2006, the date subsequent to that for which the claimant was last paid benefits."

- 4 -

## II. ANALYSIS

Claimant contends the commission erred in finding that employer's application for a hearing to terminate her compensation benefits award was timely filed pursuant to Code § 65.2-708 and Commission Rule 1.4. She asserts that because employer waited more than two years after the last date for which it paid compensation to request a hearing to terminate her award, its June 30, 2008 application for hearing based on a change in condition was not timely filed. She argues that the twenty-four-month limitation of Code § 65.2-708(A) expired on June 11, 2008, prior to employer's June 30, 2008 hearing application, and that its June 30, 2008 lump sum payment of compensation could not retroactively extend the limitations period under Code § 65.2-708.

Code § 65.2-708(A) provides, in pertinent part:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. . . . No such review shall affect such award as regards any moneys paid . . . . *No such review shall be made after twenty-four months from the last day for which compensation was paid*, pursuant to an award under this title . . . .

(Emphasis added).

Commission Rule 1.4 provides, in pertinent part, "No change in condition application under [Code] § 65.2-708 . . . shall be accepted unless filed within two years from the date compensation was last paid pursuant to an award." Commission Rule 1.4(E).

In Diaz v. Wilderness Resort Association, 56 Va. App. 104, 115-16, 691 S.E.2d 517, 523 (2010) (second and third alterations in original) (quoting Gordon v. Ford Motor Co., 55 Va. App. 363, 369, 685 S.E.2d 880, 883 (2009) (*en banc*)), we held:

"[T]he twenty-four-month limitation of Code § 65.2-708(A) is not a statute of limitations in the ordinary sense. It does not provide that [a party] has twenty-four months from the date the change in condition occurred to file. Rather subsection A provides that the change in condition must occur within twenty-four months from the date [for which] compensation was last paid." It is also well settled that the time provisions of Code § 65.2-708 are not jurisdictional and may be waived.

Here, in finding that employer's June 30, 2008 application for hearing to terminate the compensation award was timely filed, the commission stated:

[T]he language of the statute is plain and unambiguous. Code § 65.2-708 states that "[n]o such review shall be made after twenty-four months from the last day *for which* compensation was last paid." The phrase in the statute "for which" does not indicate when the employer must pay compensation that is due to the claimant. There is simply no requirement upon the employer to file its application within twenty-four months from the last day *on which* compensation was last paid.

As we recently held in Diaz:

Construed together, [Code § 65.2-708] and [Commission] Rule 1.4 require that where, as here, a claimant under an outstanding award returns to work earning a wage at or above her pre-injury wage and the employer unilaterally ceases making payments under the award, if the employer waits *more than two years after the last date for which it paid compensation* to request a hearing to terminate the award, *it must pay "compensation" as defined by the Act through a date no less than two years prior to the date on which it files its application for hearing*.

56 Va. App. at 118, 691 S.E.2d at 524 (emphasis added). "Code § 65.2-708 provides [that] an employer is entitled to file its application for hearing without bringing its compensation payments current to closer than two years to the date of filing." Id. at 122-23, 691 S.E.2d at 526.

On June 30, 2008, employer made a lump sum payment to claimant bringing its compensation payments, due under the award, current to two years prior to the date of filing its application for hearing. Accordingly, we conclude the commission did not err in finding that employer's application for a hearing to terminate claimant's outstanding compensation award

- 6 -

was timely filed, and affirm the commission's decision to terminate its December 10, 2004 temporary partial disability compensation award effective July 1, 2006.

                                                                                            Affirmed.