Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell, and Koontz, S.JJ.

FORD MOTOR COMPANY

v.  Record No. 100070     OPINION BY JUSTICE DONALD W. LEMONS
                                       April 21, 2011
JOHN T. GORDON, JR.

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal in which a claimant's change-in-condition application for benefits was rejected by the Workers' Compensation Commission ("commission") as being time-barred, we consider whether the Court of Appeals erred by reversing the commission's decision and by holding that the provision in Code § 65.2-708(C) tolling the statute of limitations set out in Code § 65.2-708(A) runs anew under each successive award of compensation for a compensable injury.

I.  Facts and Proceedings Below

John T. Gordon, Jr. ("Gordon") suffered a compensable injury by accident on January 9, 2000, while working at Ford Motor Company's ("Ford") production plant in Norfolk.  Based on this injury, the commission entered a series of awards of compensation to Gordon for various periods of temporary total and temporary partial disability.  The last of these awards, entered on January 13, 2003, was an open-ended award for temporary partial disability.  Gordon received his last direct payment of compensation under this award on February 23, 2003.

Following his injury, Gordon continued to work for Ford intermittently, between periods of temporary total disability, in a light-duty position due to restrictions arising from the injury. From October 23, 2000 to January 3, 2001, and from April 1, 2002 through June 30, 2002, Gordon worked in this light-duty position and earned wages at or above his pre-injury wage. Gordon also worked in a light-duty capacity for Ford from April 20, 2003 through September 11, 2006, again earning wages equal to or higher than his pre-injury average weekly wage.

On September 11, 2006, Gordon was temporarily laid off from his position at Ford because the plant was shut down for production reasons. On September 25, 2006, Gordon filed a change-in-condition application seeking temporary total disability benefits based on lost wages caused by this "change in condition." Shortly thereafter, Gordon also requested that the commission "address[] the issue of temporary partial [disability] benefits," and added additional dates for which he was seeking "an award for . . . benefits and a change in condition as well."[1]

---

[1] While the record in this case indicates that Gordon submitted additional claims in November 2006, after the September 25, 2006 application, the language of both the commission's and Court of Appeals' decisions indicate that Gordon's claims have been treated as a single change-in-condition application. See Gordon v. Ford Motor Co., 55 Va.

2

Ford defended against Gordon's 2006 application for benefits, in part, by arguing that it was time-barred. Ford asserted that the application was not filed within two years of Gordon's last payment of compensation on February 23, 2003, that this last payment triggered the running of the two-year statute of limitations under Code § 65.2-708(A), and therefore the application was untimely.

Relying on Code § 65.2-708(C), Gordon argued that his application was not time-barred because all the wages he received for the first twenty-four months of the last period he worked for Ford in a light-duty capacity, from April 20, 2003 to September 11, 2006, were deemed to be compensation. Gordon therefore asserted that the two-year statute of limitations in Code § 65.2-708(A) did not begin to run until April 20, 2005, meaning that his application filed in September 2006 was timely.

Ford responded that the twenty-four-month tolling provision in Code § 65.2-708(C) could be triggered only once,

---

App. 363, 374, 685 S.E.2d 880, 885 (2009); Gordon v. Ford Motor Co., 53 Va. App. 616, 624, 674 S.E.2d 545, 549 (2009). Accordingly, we will do likewise for the purposes of this opinion because, regardless whether Gordon's claims are treated as a single change-in-condition application, the relevant dates at issue affect neither the analysis nor outcome of this opinion.

which occurred when Gordon returned to work in a light-duty position in October 2000. Ford asserted that when Gordon was again awarded temporary total disability benefits in January 2001, the tolling provision was no longer applicable. Thus, Ford concluded, "thereafter, all claims for further compensation would have to be filed within two years from the date for which compensation was last paid per [Code] § 65.2-708(A) and that [Code § 65.2-708(C)] could not be used to extend the period during which compensation was said to be paid." Ford maintained that because Gordon was last paid workers' compensation benefits on February 23, 2003, he only had until February 23, 2005, to apply for benefits based on a change in condition.

The deputy commissioner rejected Ford's argument and awarded Gordon the benefits he requested. The deputy commissioner determined that "[n]othing in the statute indicates that the provisions of Code § 65.2-708(C) do not begin to run anew after later periods of temporary partial disability or temporary total disability for which awards are entered."

Ford appealed the deputy commissioner's decision to the full commission. The commission held that Gordon's change-in-condition application was time-barred based, in part, upon its conclusion that the Code § 65.2-708(C) tolling provision

4

does not " 'begin to run anew' after later periods of awarded disability."  In other words, the commission held that the provision is applicable only once to a compensable injury regardless of the number of awards of compensation for subsequent periods of disability that may arise from the injury.  Gordon appealed the commission's decision to the Court of Appeals.

A three-judge panel of the Court of Appeals reversed the commission's decision.  <u>Gordon v. Ford Motor Co.</u>, 53 Va. App. 616, 624, 674 S.E.2d 545, 548-49 (2009).  Ford subsequently moved for a rehearing <u>en</u> <u>banc</u>, and the Court of Appeals again reversed the commission's decision, concluding that

> the Code § 65.2-708(A) statute of limitations runs anew under each successive award of compensation for a particular compensable injury, and is triggered on the last day for which compensation was paid. Subsection C, in providing for wages to be treated as compensation under subsection A, is likewise subject to application under each such award as subsection C supplements subsection A, A and C operating in conjunction with each other. Subsection C is not a stand-alone provision – it instead provides a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C. The Code § 65.2-708 change-in-condition/statute of limitations scheme thereby functions, in its entirety, on an award-by-award basis – not on what amounts to a hybrid award-by-award/injury-by-injury basis under the commission's construction of the statute.

5

Gordon v. Ford Motor Co., 55 Va. App. 363, 373-74, 685 S.E.2d 880, 885 (2009). Accordingly, the Court of Appeals concluded that when Gordon returned to light-duty work equal to or above his pre-injury wage on April 20, 2003, following the commission's January 2003 award of compensation to Gordon for temporary partial disability, his wages for the next two years "were to be 'considered compensation' for purposes of tolling the Code § 65.2-708 statute of limitations," which was "thus tolled through April 20, 2005, meaning Gordon's change-in-condition application, filed in 2006, was not time-barred." Id.

Ford timely filed its notice of appeal, and we granted an appeal on the following assignments of error:

1. The Court of Appeals erred in reversing the Commission based on its interpretation that the tolling provision set forth in Va. Code § 65.2-708(C) allows a claimant numerous periods of tolling so long as he has not remained at work for an uninterrupted period of 24 consecutive months.

2. The Court of Appeals erred in reversing the Commission because it erroneously interpreted Va. Code § 65.2-708(C) to restart each time an award is modified by the Commission.

3. The Court of Appeals erred in reversing the Commission because it erroneously interpreted Va. Code § 65.2-708(C) as providing multiple period [sic] of tolling instead of one period.

## II. Analysis

### A. Standard of Review

6

An issue of statutory interpretation is a pure question of law which we review de novo.  Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.  If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Id. (citations omitted).  "The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction."  Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (citation and internal quotation marks omitted).  Additionally,

> we have a duty, whenever possible, to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.  Generally, the Court will look to the whole body of [a statute] to determine the true intention of each part.  [A] statute should be read and considered as a whole, and the language of a statute should be examined in its entirety to determine the intent of the General Assembly from the words contained in the statute.  In doing so, the various parts of the statute should be harmonized so that, if practicable, each is given a sensible and intelligent effect.

Oraee v. Breeding, 270 Va. 488, 498, 621 S.E.2d 48, 52-53 (2005) (citations and internal quotation marks omitted).

B.  Code § 65.2-708

According to Code § 65.2-708(A), a party may ask the commission to "review any award" of benefits based upon "the ground of a change in condition."  However, "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . ."  Code § 65.2-708(A).  Code § 65.2-708(C) operates as a tolling provision that extends subsection A's limitation by expanding the definition of "compensation" under subsection A to include wages which meet certain conditions.  Specifically, Code § 65.2-708(C) declares:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

It is undisputed in this case that: (i) Gordon was physically unable to return to his pre-injury work due to his compensable injury; and (ii) Ford paid Gordon "at a wage equal to or greater than his pre-injury wage" for performing light-duty work while under awards for temporary partial disability during three different periods following his compensable injury.  Code § 65.2-708(C).  The first two such periods occurred from October 2000 into January 2001 and from April 2002 through June 2002.  The third such period occurred between

8

April 20, 2003 and September 11, 2006, after the commission's January 2003 award of compensation to Gordon for temporary partial disability.

The parties disagree, however, as to the meaning and application of Code § 65.2-708(C) to the facts of this case. The commission concluded, and Ford argues, that Code § 65.2-708(C) "grants one period of tolling to each claimant," and does not grant new periods of tolling each time an award is entered pursuant to Title 65.2. We disagree with the commission and Ford.

According to the Virginia Workers' Compensation Act, a claimant may be paid compensation pursuant to multiple awards based on multiple periods of disability arising from the same compensable injury, as occurred in this case. Code § 65.2-708, in particular, contemplates a series of awards by authorizing the commission to "review any award" upon "the ground of a change in condition," and "on such review . . . make an award ending, diminishing or increasing the compensation previously awarded . . . ." (Emphasis added.) Subsection A also includes language that acts, in effect, as a statute of limitations. Specifically, Code § 65.2-708(A) provides that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . ." This two-year statute of limitations under

9

subsection A is tolled while the claimant receives compensation, "pursuant to an award."  Code § 65.2-708(A). Accordingly, the determining factor concerning whether a change-in-condition application is time-barred under Code § 65.2-708(A) is the date "for which compensation was [last] paid, pursuant to an award . . . ."

Code § 65.2-708(C) provides that, "[a]ll wages paid [under particular circumstances] shall be considered compensation." In so providing, Code § 65.2-708(C) tolls the operation of the subsection A statute of limitations in the same manner as the payment of compensation pursuant to an award.  However, the tolling provision of subsection C has its own restrictive language.  It is subject to the condition that all wages paid "for a period not exceeding twenty-four consecutive months . . . shall be considered compensation" under Code § 65.2-708(A).  Code § 65.2-708(C).

We agree with the Court of Appeals that "subsection C supplements subsection A," Gordon, 55 Va. App. at 373, 685 S.E.2d at 885, and that the two subsections "operat[e] in conjunction with each other. Subsection C is not a stand-alone provision – it instead provides a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C."  Id.

10

Accordingly, we hold that the Code § 65.2-708(A) statute of limitations runs anew under each successive award of compensation for a particular compensable injury and is triggered on the last day for which compensation was paid. We also hold that Code § 65.2-708(C), by providing for wages meeting certain prescribed conditions to be treated as compensation under Code § 65.2-708(A), applies to each such award.

In this case, Gordon received his last direct payment of compensation pursuant to an award on February 23, 2003. Gordon subsequently worked in a light-duty capacity for Ford from April 20, 2003 through September 11, 2006, and was paid wages equal to or greater than his pre-injury wage. Accordingly, Code § 65.2-708(C) requires that the wages Ford paid to Gordon during the first twenty-four months of the third period of Gordon's light-duty employment for Ford, from April 20, 2003 through April 20, 2005, be considered "compensation" for purposes of tolling the Code § 65.2-708(A) statute of limitations. Consequently, we hold that the Code § 65.2-708(A) statute of limitations was tolled through April 20, 2005, and that Gordon's change-in-condition application, filed in September 2006, was not time-barred under the statute.

## III. Conclusion

Based on the foregoing, we will affirm the Court of Appeals' judgment reversing the commission's decision.[2]

<u>Affirmed.</u>

---

[2] The Court of Appeals relied, in part, upon its interpretation of the language, "for a period not exceeding twenty-four consecutive months," as it appears in Code § 65.2-708(C), to reach the conclusion that Gordon's application was not time-barred. <u>Gordon</u>, 55 Va. App. at 372-74, 685 S.E.2d at 884-85. Because the facts of this case render such analysis unnecessary, we decline to address or interpret that language in this opinion.