COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


MARSHALLS, INC. AND
  AMERICAN CASUALTY COMPANY OF READING, PA
                                                          OPINION BY
v.        Record No. 0766-10-3                   JUDGE LARRY G. ELDER
                                                          NOVEMBER 22, 2011
GENEVIEVE W. HUFFMAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                C. Ervin Reid (Goodman Allen & Filetti, PLLC, on briefs), for
                appellants.

                A. Thomas Lane, Jr., for appellee.


        Marshalls, Inc., and its insurer, American Casualty Company of Reading, PA,

(hereinafter collectively employer), appeal from a decision of the Workers' Compensation

Commission (the commission) awarding benefits to Genevieve Huffman (claimant) for a knee

injury.  On appeal, employer contends claimant filed her claim after the statutory time limit had

elapsed.  For the reasons that follow, we affirm the commission's decision.

                                                    I.

                                           BACKGROUND

        Claimant injured her left knee on February 27, 2003, while working for employer as a

general warehouse associate.  The injury was compensable, and claimant received temporary

total disability benefits from April 19, 2004, through October 3, 2004.

        Employer stopped paying temporary total disability benefits due to claimant beginning

light-duty employment on October 4, 2004.  Claimant's light-duty employment earned more than

her pre-injury average weekly wage.

Claimant's treating physicians examined claimant, finding that her condition upon her September 15, 2005 examination was the same as on December 10, 2004. Claimant's work restrictions were continued in 2005, 2008, and 2009. Based on the impairment rating for permanent partial disability to claimant's left leg, she received permanent partial disability benefits from December 10, 2004, through August 11, 2005.

Claimant worked in a light-duty capacity for employer until May 1, 2009. Her employment ended due to an economic lay off.

On May 5, 2009, claimant filed a claim for temporary total disability benefits beginning May 1, 2009, and continuing forward, based on a change in condition. Claimant alternatively sought temporary total disability benefits from May 8 to May 12, 2009, based on marketing efforts. Employer defended against the claim by arguing it was time-barred and that claimant failed to market her residual work capacity.

The deputy commissioner found that claimant's May 5, 2009 claim was time-barred under Code § 65.2-501, because claimant did not file within one year from the date compensation was last due. The deputy commissioner alternatively found that claimant would be entitled to only one week of disability benefits due to her marketing efforts.

Claimant and employer sought review of the deputy commissioner's opinion. Claimant argued that her claim was not time-barred. Employer argued that her marketing efforts were not adequate for the week in question.

The commission unanimously affirmed in part and reversed in part. The commission reasoned that claimant sustained a change in condition under Code § 65.2-708 when she was laid off from her light-duty job and that Code § 65.2-501 did not apply to her because she performed light-duty work for her pre-injury employer during the time she received permanent partial disability impairment payments. Further, the commission found that claimant's marketing

efforts were sufficient for the week of May 8, 2009.  The commission awarded claimant temporary total disability benefits, payable beginning May 8, 2009, through May 12, 2009.

Employer appeals the commission's decision to this Court.

II.

ANALYSIS

On appeal, employer argues that claimant filed her change-in-condition application after Code § 65.2-501's one-year filing limitation expired.  Employer alternatively argues that the claim is time-barred because she filed after the longer deadline set forth in Code § 65.2-708.[1]

Where no dispute of material fact exists, whether a statute of limitations bars a workers' compensation claim is a question of law that this Court considers *de novo*.  Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005).

Code § 65.2-501 provides, "After compensation has been paid as provided in § 65.2-503 [for permanent loss], the employee may, within one year from the date compensation was last due under this section, file an application for compensation for incapacity to work . . . ."

However, if an employee experiences a change in condition, Code § 65.2-708(A) provides a longer limitations period[2]:

> [O]n the ground of a change in condition, the Commission may
> review any award and on such review may make an award ending,

---

[1] Employer does not appeal the commission's ruling regarding claimant's marketing efforts.

[2] The statute provides some exceptions not applicable here:

> [E]xcept: (i) thirty-six months from the last day for which
> compensation was paid shall be allowed for the filing of claims
> payable under § 65.2-503 and certain claims under subsection B of
> § 65.2-406 or (ii) twenty-four months from the day that the
> claimant undergoes any surgical procedure compensable under
> § 65.2-603 to repair or replace a prosthesis or orthosis.

Code § 65.2-708(A).

diminishing or increasing the compensation previously awarded . . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title.

A "change in condition" is "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."  Code § 65.2-101.

Code § 65.2-708(A) "is not a statute of limitations in the ordinary sense."  Armstrong Furniture v. Elder, 4 Va. App. 238, 241, 356 S.E.2d 614, 615 (1987) (discussing the provision's predecessor, Code § 65.1-99).  "[I]t provides that the change in condition must occur within twenty-four months from the date compensation was last due or paid."  Id.  Thus, not every change in condition "transfers an application for renewed temporary total disability benefits from Code § 65.2-501 to Code § 65.2-708."  Williams v. Peoples Life Ins. Co., 19 Va. App. 530, 534, 452 S.E.2d 881, 883 (1995) (affirming commission's application of Code § 65.2-501 to time-bar claimant's application).

Code § 65.2-708(C) provides a tolling mechanism by expanding the definition of "compensation":

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

"[T]he Code § 65.2-708(A) statute of limitations runs anew under each successive award of compensation for a particular compensable injury and is triggered on the last day for which compensation was paid."  Ford Motor Co. v. Gordon, 281 Va. 543, 551, 708 S.E.2d 846, 851 (2011).  Further, "Code § 65.2-708(C), by providing for wages meeting certain prescribed conditions to be treated as compensation under Code § 65.2-708(A), applies to each such award."  Id. at 551-52, 708 S.E.2d at 851.

This Court explained:

> Subsection C, in providing for wages to be treated as compensation under subsection A, is likewise subject under each such award as subsection C supplements subsection A, A and C operating in conjunction with each other. Subsection C is not a stand-alone provision—it instead provides a definition for the tolling mechanism applied to subsection A, where a claimant has received wages (rather than compensation) as provided in subsection C. The Code § 65.2-708 change-in-condition/statute of limitations scheme thereby functions, in its entirety, on an award-by-award basis . . . .

Gordon v. Ford Motor Co., 55 Va. App. 363, 373, 685 S.E.2d 880, 884 (2009), aff'd, 281 Va. 543, 708 S.E.2d 846 (2011).

In other words, in a case such as this one in which the claimant worked light-duty employment after she received temporary disability payments, and during and after receiving permanent partial disability payments, the tolling mechanism in Code § 65.2-708 operates twice. In this case, tolling first began on October 4, 2004, when claimant's temporary disability benefits ended and her light-duty employment began. While claimant received permanent partial disability benefits, she fell directly under the purview of Code § 65.2-708(A) and the tolling mechanism no longer applied. However, the tolling mechanism in Code § 65.2-708(C) began a second time when her permanent partial disability payments ended on August 11, 2005; thus, the two-year tolling mechanism provided in Code § 65.2-708(C) began on August 12, 2005. Consequently, the two-year statute of limitations did not begin until August 12, 2007, two years after claimant began light-duty employment following her permanent partial disability award payment. Because claimant filed her claim for benefits based on a change in condition in May of

2009, her claim was not barred by the statute of limitations, under which she had until August 11, 2009, to file.[3]

Employer argues that the one-year limitations period provided in Code § 65.2-501 should apply in this case. Employer contends that in order to trigger Code § 65.2-708's longer limitations period, any change in condition must occur before the disability payments cease. As support, employer relies on language from Armstrong stating that "the proper inquiry is simply whether there has been a 'change in condition' or an 'incapacity to work' at the time the payments cease." 4 Va. App. at 242, 356 S.E.2d at 616; see also Williams, 19 Va. App. at 534, 452 S.E.2d at 884 (quoting Armstrong). Employer cites additional language from Armstrong, stating, "[T]he one year limitation period . . . applies to filing an application for additional workers' compensation benefits in a situation when the disability is at the same level both when the award begins and ends." Armstrong, 4 Va. App. at 244, 356 S.E.2d at 617; see also Williams, 19 Va. App. at 534, 452 S.E.2d at 884 (explaining that a "*continued* incapacity to work" triggers the one-year limitation period).

In interpreting a statute,

> a court may only look to the words of a statute if the statute is clear and unambiguous. Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "An ambiguity exists where the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness." Id.
>
> * * * * * * *
>
> "[A] statute should, if possible, be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation." Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982).

---

[3] As employer conceded at oral argument, Gordon, 55 Va. App. 363, 685 S.E.2d 880, defeats employer's argument on brief that under the plain language of Code § 65.2-708, the forty-eight-month period began on October 4, 2004, when claimant returned to light-duty work.

<u>Scott v. Scott</u>, 16 Va. App. 815, 818-19, 433 S.E.2d 259, 261-62 (1993) (alteration in original). "'As we do not believe the General Assembly intended to enact irreconcilable provisions in the Act, we construe the provisions in a way that gives full effect to all the statutory language.'" <u>Moreno v. Moreno</u>, 24 Va. App. 190, 197, 480 S.E.2d 792, 796 (1997) (quoting <u>Marchand v. Div. of Crime Victims' Comp.</u>, 230 Va. 460, 463, 339 S.E.2d 175, 177 (1986)). "As a general rule, 'the construction afforded by a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court.'" <u>Cousar v. Peoples Drug Store</u>, 26 Va. App. 740, 743, 496 S.E.2d 670, 672 (1998) (quoting <u>Lynch v. Lee</u>, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994)).

<u>Armstrong</u> and <u>Williams</u> each involved a change in the level of the claimant's physical disability. The threshold test they employed applies only to a change in physical condition, not in a case such as this one, in which the change in condition is not physical. To hold otherwise would contravene the statutory definition of a change in condition, in pertinent part, as "a change in physical condition of the employee *as well as any change in the conditions under which compensation was awarded, suspended, or terminated.*" Code § 65.2-101 (emphasis added). Employer's interpretation of the law would limit relevant changes of condition to only those occurring before the award ended, because a "condition under which compensation was suspended or terminated" cannot, by definition, change before that award ended. Moreover, employer's interpretation of <u>Armstrong</u> contradicts language within the case itself, which explains that Code § 65.2-708(A) "provides that the change in condition must occur within twenty-four months from the date compensation was last due or paid." <u>Armstrong</u>, 4 Va. App. at 241, 356 S.E.2d 615.

"The Workers' Compensation Act 'is highly remedial and should be construed to advance its purpose . . . [of compensating employees] for accidental injuries resulting from the

hazards of employment.'" Metro Machine Corp. v. Lamb, 33 Va. App. 187, 197, 532 S.E.2d 337, 341 (2000) (quoting Henderson v. Cent. Tel. Co., 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987)) (alteration in original). "Until the employee can perform at his pre-injury capacity, he is protected from the economic vicissitudes of the market place." Id.

The General Assembly intended for the tolling mechanism in Code § 65.2-708(C) "to prevent possible abuse by employers" of the limitations period. Scott, 16 Va. App. at 819, 433 S.E.2d at 262. The legislature sought "to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits." Id.

                                         III.

For these reasons, we hold the commission did not err in applying Code § 65.2-708 to claimant's application for benefits based on a change in condition. Thus, we affirm the commission's decision.

                                                                    Affirmed.