COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Kelsey and Beales
Argued at Richmond, Virginia


THE UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION[*] BY
v.     Record No. 1228-12-2          JUDGE ROBERT J. HUMPHREYS
JANUARY 15, 2013

WILLIAM R. CARTER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Angela Gibbs (Arthur T. Aylward; Midkiff, Muncie & Ross, P.C., on
briefs), for appellant.

Robert L. Flax (Robert L. Flax, P.C., on brief), for appellee.


The Uninsured Employer's Fund ("the Fund") appeals the June 14, 2012 order of the

Workers' Compensation Commission ("commission") awarding William R. Carter ("Carter")

interest on an award entered on March 28, 2011.  In essence, the Fund argues that the

commission erred by not stating in the order who was to pay the interest as between the

employer and the Fund[1] and that the Fund should not have to pay interest on the award because

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication and we
recite only those facts essential to our analysis.

[1] The first and eighth assignments of error are addressed together:

1.  In its June 14, 2012 Order, the Virginia Workers'
Compensation Commission [ ] erred in failing to clearly set forth
who was ordered to pay the interest awarded pursuant to Virginia
Code § 65.2-707.

8.  Under the facts before the Commission, the Award had
to be premised on the employer's failure to comply with the Order.
Thus, any Award against The Uninsured Employer's Fund implies
that an Award against the employer automatically effected an
Award against The Uninsured Employer's Fund, suggesting their
interests were the same.  This was in error.

the Fund was never ordered to make payments on the award and any failure to pay the award was

not by reason of appeal pursuant to Code § 65.2-707. [2]

---

[2] The issues in assignments of error two through seven overlap:

    2. To the extent the Order was against the Uninsured Employer's Fund, the Commission erred in entering an Award of interest against The Uninsured Employer's Fund pursuant to Virginia Code § 65.2-707 where the statute was inapplicable.

    3. The Commission erred in failing to reverse and vacate the Award of interest pursuant to Virginia Code § 65.2-707 in light of The Uninsured Employer's Fund's Motion to Vacate and Reconsider.

    4. To the extent the Order was against the Uninsured Employer's Fund, the Commission erred in ordering payment of interest pursuant to Virginia Code § 65.2-707, where The Uninsured Employer's Fund had never been ordered to make any payments of temporary total or temporary partial benefits in this matter.

    5. To the extent the Order was against The Uninsured Employer's Fund, the Commission erred in awarding interest pursuant to Virginia Code § 65.2-707 when the plain language of the statute only allows entry of an interest Award where the payment is delayed by reason of an appeal to the Commission or an appellate Court and there was no such delay here as to the Fund given that it had never been ordered to make the payments at issue in the underlying decisions pursuant to § 65.2-1203.

    6. To the extent the order was against The Uninsured Employer's Fund, the Commission erred in awarding interest pursuant to Virginia Code § 65.2-707 where there was no legal obligation for the Uninsured Employer's Fund to have paid the Award at all, and all payments were merely voluntary. Thus, any delay in payment by the Uninsured Employer's Fund is not by reason of the appeal, as required by § 65.2-707.

    7. To the extent the Order was against The Uninsured Employer's Fund, the Commission erred in awarding interest pursuant to Virginia Code § 65.2-707 where the matter was not appealed to the Court of Appeals by the employer, where the initial appeal to the Full Commission was on Mr. Carter's own appeal, and where there is no evidence that the employer's failure to

For the following reasons, we remand this case for the commission to clarify its June 14, 2012 order regarding which party it required to pay interest on the March 28, 2011 award.

## I.  BACKGROUND

On September 24, 2007, Carter sustained an injury while working for Best Brands Automotive Equipment, Inc.  He claimed temporary total and temporary partial disability benefits.  On October 17, 2008, the commission ordered that the Fund be added as a party defendant in the case.  On March 28, 2011, Deputy Commissioner Tabb awarded Carter temporary total disability and temporary partial disability benefits.  The Fund appealed, and on September 7, 2011 the full commission affirmed the March 28, 2011 award.[3]  The Fund then appealed to this Court, and we affirmed the commission's award of temporary total and temporary partial disability benefits on April 17, 2012.  In affirming the commission's award, this Court held that "[t]he appellant shall pay to the appellee damages according to law." Uninsured Employer's Fund v. Carter, No. 1933-11-2 (Va. Ct. App. Apr. 17, 2012).  Between May 3, 2012 and May 23, 2012, the Fund paid Carter $95,025.44 in benefits payments "in accordance with the April 17, 2012, Court of Appeals decision."

On May 14, 2012, Carter wrote Deputy Commissioner Mayo requesting interest on his accrued lost wage benefits beginning March 28, 2011.  On June 14, 2012, the commission ordered, "Interest is payable on the award entered March 28, 2011, pursuant to Virginia Code § 65.2-707."  The Fund filed a motion to vacate and reconsider the commission's June 14, 2012

---

comply with the Order was by reason of the appeal (rather than by reason of an inability or unwillingness to pay).

[3] On both the March 28, 2011 and September 7, 2011 opinions of the commission, the case is styled, "William R. Carter, Claimant v. Best Brands Automotive Equipment, Inc., Employer –No Record of Insurance –," followed by "Robert L. Flax, Esquire for the Claimant. Best Brand Automotive Equipment, Inc. Employer.  Angela F. Gibbs, Esquire for the Uninsured Employer's Fund."

order, arguing in part that the commission's order was not clear as to who is supposed to pay the interest award. The commission denied the Fund's motion to vacate and reconsider and did not further clarify which party it had ordered to pay interest.[4]

## II. ANALYSIS

The Fund's assignments of error are questions of law which we review *de novo*. Ford Motor Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011).

The Fund first argues that the commission "erred in failing to clearly set forth who was ordered to pay the interest awarded pursuant to [Code] § 65.2-707."

Code § 65.2-1203(A)(2) provides:

> After an award has been entered against an employer for compensation benefits under any provision of this chapter, and upon finding that the employer has failed to comply with the provisions of § 65.2-801, or that a self-insured employer or its surety as required by § 65.2-801 is unable to satisfy an award in whole or in part, *the Commission shall order the award, or any unpaid balance, to be paid from the Uninsured Employer's Fund after demand has been made by a claimant upon his employer or other uninsured entity which is responsible to pay the award. Such demand may be waived by the Commission for good cause shown.*

(Emphasis added.)

The March 28, 2011 award read, "An AWARD is hereby entered in favor of William R. Carter *against Best Brands Automotive Equipment, Inc.*, uninsured employer, for payment of

---

[4] On December 15, 2011, Deputy Commissioner Mayo awarded Carter permanent partial disability benefits for the same accident injury for a period of 32 weeks beginning January 22, 2010. On January 16, 2012, Carter requested that the commission order the Fund to pay the December 15, 2011 award for permanent partial disability benefits and reimbursement of medical expenses, as Best Brands had not paid and its corporate charter had been revoked on April 25, 2009.

The commission entered an order on January 31, 2012 that read, "On the claimant's motion and for good cause shown, the Uninsured Employer's Fund ("UEF") is ORDERED to pay the claimant's [permanent partial disability] benefits pursuant to Deputy Commissioner Mayo's December 15, 2011, Award." The commission noted in the order that Best Brands, the uninsured employer, did not respond to Carter's counsel's demand for payment.

compensation as follows: . . . ." (Emphasis added.) The commission never issued an order directing the Fund to pay this award. In May 2012, Carter asked for interest from March 28, 2011 on his accrued lost wage benefits. The commission's June 14, 2012 order concluded, "Interest is payable on the award entered March 28, 2011, pursuant to Virginia Code § 65.2-707." The caption of the order is: William R. Carter, Claimant v. Best Brands Automotive Equipment, Inc., Employer – No Record of Insurance –. The June 14, 2012 order referenced in a footnote its order dated January 31, 2012, wherein it directed the Fund to pay benefits pursuant to its December 15, 2011 award concerning permanent partial disability benefits. However, the January 31, 2012 order only pertained to the permanent partial disability benefits award and did not mention the March 28, 2011 award for temporary partial and temporary total disability benefits. The June 14, 2012 order did not cite that Carter had demanded payment from Best Brands or that the commission found good cause for waiving such demand, pursuant to Code § 65.2-1203, and does not reflect that the commission ordered the Fund to pay the interest on the March 28, 2011 award.

While Carter makes the unsupported assertion that the "Fund's liability was identical to the employer's," thus obviating the need for the commission to note in its order whether the employer or the Fund must pay the interest, the Virginia Supreme Court has held that Code § 65.2-1204 [5] "neither expressly nor by implication places the Fund in the same position as an

---

[5] Code § 65.2-1204 provides:

Subrogation and recoupment

The Commission shall, upon payment of a claim from the Uninsured Employer's Fund, be subrogated to any right to recover damages which the injured employee or his personal representative or any other person may have against his employer or any other party for such injury or death.

- 5 -

employer." Jeneary v. Uninsured Employer's Fund, 262 Va. 418, 427, 551 S.E.2d 321, 325 (2001). In Jeneary, the Fund asserted a lien against the wrongful death settlement proceeds owed to the claimant's estate. The Supreme Court *disagreed* with the administrator's argument that "when, pursuant to Code § 65.2-1203, the Fund pays compensation benefits to an injured employee, it 'steps into the shoes' of the employee's employer and, thus, its subrogation rights under Code § 65.2-1204 are identical with those of the employer . . . ." Id. at 426, 551 S.E.2d at 324. "Rather, when the Fund is ordered to pay compensation benefits, its right of subrogation extends to claims the employee may have against 'the employer or any other party.' In this context, the Fund correctly asserts that it is not 'an insurance program for an uninsured employer.'" Id. at 427, 551 S.E.2d at 325 (citing Code § 65.2-1204).

The Supreme Court has made clear that the Fund does not simply step into the shoes of the employer, and Code § 65.2-1203 provides that the commission shall order payment of an award from the Fund only after the claimant has demanded payment from his employer or the commission has found good cause for a waiver of such demand. Therefore, this Court cannot conclude, as Carter contends, that an order against an employer automatically equates to an order against the Fund.

Carter also argues that the commission "had credible facts to find good cause to demand the Fund to pay interest before a demand on the employer [as required by Code § 65.2-1203(A)] and without specifying that the Fund pay it." Carter points to the facts that Best Brands was out of business, it was the Fund that appealed the March 28, 2011 award to the full commission and to this Court, and the Fund paid the $95,000 award without an order by the commission.

The Commission shall, on behalf of the Uninsured Employer's Fund, refer any unsatisfied claim against an uninsured employer to the Attorney General for collection.

However, under the plain language of the statute, this argument should be addressed to the commission for resolution rather than this Court.

The June 14, 2012 order on its face is unclear as to the party responsible to pay the interest as only Best Brands (and not the Fund) is listed as the defendant in the caption of the order and the original award was entered only against Best Brands. Moreover, the text of the order does not indicate that the commission followed the procedure set forth in Code § 65.2-1203(A)(2) for requiring the Fund to pay an award. Where a statute requires the commission to specifically order the Fund to pay an award it is not the role of this Court to say that such an order is unnecessary. While this Court must construe the Workers' Compensation Act

> "broadly to afford coverage for the employee, we are constrained by the Act itself and its intent." Snead v. Harbaugh, 241 Va. 524, 527, 404 S.E.2d 53, 55 (1991). Furthermore, "we must take the statute as we find it, gather the legislative intent from the words used and give effect to the purposes thus ascertained." Van Geuder v. Commonwealth, 192 Va. 548, 554, 65 S.E.2d 565, 568 (1951).

Jeneary, 262 Va. at 426, 551 S.E.2d at 324 (citation omitted). Therefore, we remand the case to the commission and direct it to clarify its June 14, 2012 order regarding the payment of interest.

Unless and until the commission clarifies its June 14, 2012 order regarding interest on the March 28, 2011 award, the record before us is insufficient to resolve the remaining assignments of error and we do not address them at this time.

Remanded.